In the Matter of the Marriage of

## CAVERLY,
*Appellant,*
*and*

## CAVERLY,
*Respondent.*

(15-80-06792; CA A25471)

670 P2d 199

Robert A. Miller, Springfield, argued the cause for appellant. With him on the brief was Wiswall, Svoboda, Thorp & Dennett, P.C., Springfield.

William R. Sharp, Eugene, argued the cause for respondent. With him on the brief were Kenneth A. Morrow, and Morrow, McCrea & Divita, P.C., Eugene.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

Wife appeals from a decree of dissolution, claiming that the trial court erred in finding that the marriage was not of long duration, making its distribution of property and failing to award her permanent spousal support. We modify the property distribution but otherwise affirm.

The parties began living together in 1970. They were married in February, 1973, and separated in July, 1980, after seven and one-half years of marriage. At the time of the decree, wife was 67 years old and husband was 65. Neither party is in good health. Wife, who is unemployed, receives $229 monthly in Social Security benefits. Husband is a caretaker for an electric co-op, from which he receives rent-free living quarters. He receives $395 in Social Security benefits and a military retirement pension of $565 monthly.

When the parties began cohabiting, husband had approximately $30,000 in assets including an Alaska homestead purchased by husband in 1965. Wife had approximately $8,600. At the time of dissolution, the major assets of the parties included a land sale contract for husband's Alaska homestead, with a balance of approximately $68,000, and 12,120 ounces of silver. The majority of the silver was purchased by husband during the time the parties were cohabiting before marriage; part of it was purchased by husband during the marriage. The value of the silver was $102,997 at the time of trial.

■ Wife first contends that the trial court erred in finding that this marriage "was not of long duration." She argues that the trial court must have considered the marriage to be of short duration and that that affected its decisions regarding the property division and spousal support to her detriment. The trial court's finding that this marriage was not of long duration was not in error, but the period of cohabitation before marriage, together with the period of marriage, make this a relationship of more than short duration.

■ Wife next challenges the property division provisions of the decree, contending that she should be awarded one-half the value of the total assets. The trial court awarded wife the personal property in her possession and 3,530 ounces of silver, valued at $30,000. The balance of the assets were awarded to

husband, including the $68,000 land sale contract and 8,590 ounces of silver, valued at $72,997.[1] Wife places a value of $38,325 on her award and $177,421 on husband's. Husband places a value of $168,376 on his award and $45,314 on wife's. On *de novo* review, we consider the increase in the value of the parties' joint estate during the combined periods of unmarried cohabitation and marriage and divide the increase into roughly equal shares. In this case, there is little difference in the value each party put on the entire estate at the time of trial: wife valued it at $215,746, husband at $213,690. Our calculations show a value of $208,421, with $169,821 as the increase in the value of the parties' estate since they began cohabiting. Wife is entitled to one-half of that increase, which is $84,910. The trial court awarded her only $30,000. We, therefore, modify the decree to award wife an additional judgment of $54,910.

██ Wife's final contention is that the trial court erred in failing to award her permanent spousal support. The factors to be considered in determining spousal support include the duration of the marriage, the ages of the parties, their health, earning capacities and financial resources. ORS 107.105(1)(c). The issue of spousal support also must be considered in light of the provision in the decree for division of property. *Grove and Grove,* 280 Or 341, 344, 571 P2d 477, *modified* 280 Or 769, 572 P2d 1320 (1977). Although wife has limited earning capacity due to her age and health, she has been awarded substantial assets with a potential for income production. Under these circumstances, we conclude that this is not a case where permanent spousal support should be awarded.

The decree is modified to award wife a judgment in the amount of $54,910, with interest at 9 percent per annum from the date of the original decree; affirmed as modified. Costs to appellant.

---

[1] Husband was also awarded his military retirement pension.