Argued and submitted April 1, reversed and remanded August 5, reconsideration denied December 31, 1987, petition for review pending 1988

In the Matter of
Billy J. Gates; Cory Lee Gates;
Travis Scott Gates, Children.

STATE ex rel JUVENILE DEPARTMENT OF
MULTNOMAH COUNTY et al,
*Respondents,*

*v.*

GATES,
*Appellant.*

(73,637-n; CA A40631)
740 P2d 217

Mary L. Stasack, Portland, argued the cause and filed the brief for appellant.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

JOSEPH, C. J.

**JOSEPH, C. J.**

Father appeals from an order terminating his parental rights. He contends that the court erred in admitting the telephone testimony of four witnesses over his objection.[1] We reverse and remand.

Before trial, the state moved for "an Order for the deposition by telephone" of four out-of-state witnesses: three former CSD caseworkers and a psychologist. It moved "that the Court order that said depositions occur in the presence of the court and during the trial of the pending petition to terminate."[2] Father objected:

> "Essentially what has happened here is that the State is not ready for trial and is attempting to finish its pretrial discovery by conducting a deposition during the trial. Not only is this highly irregular, it violates the respondent's right to confrontation and violates his right to suppress the deposition."

Father also argued that there was no statutory authority for the state's motion. The court characterized the state's request as one for the taking of testimony rather than for a deposition and granted the motion, subject to the provisos that the state arrange for father to interview the witnesses by telephone beforehand and that it supply father in advance with documents to be used in the examination. Those provisos were apparently satisfied, and the witnesses were allowed to testify by telephone from their respective states.

Both parties agree that the state was not taking depositions but was taking actual testimony. Thus, the deposition statutes on which the state relies to authorize the procedure are not applicable. The taking of testimony is governed by ORS 45.010:

> "The testimony of a witness is taken by three modes:
>
> "(1)  Affidavit.
>
> "(2)  Deposition.
>
> "(3)  Oral examination."

---

[1] Father's other assignments of error require no discussion.

[2] The state made no showing that any of the witnesses was unable or unwilling to come to Oregon to testify. The state's need was, apparently, only economic.

ORS 45.040 provides:

> "An oral examination is an examination *in the presence of the jury or tribunal* which is to decide the fact, or act upon it, the testimony being heard by the jury or tribunal from the mouth of the witness." (Emphasis supplied.)

Taking testimony by telephone is not authorized by statute or procedural rule and it was, therefore, error for the court to permit the procedure. The opportunity to observe a witness is so critical to judicial control and effective cross-examination that its denial is manifestly prejudicial.

Reversed and remanded.