Argued and submitted June 15, affirmed November 7, 1990

In the Matter of the Marriage of

Claborn James DULL,
*Appellant,*
*and*

Janet Lucille DULL,
*Respondent.*

(88-5-270; A61874)

800 P2d 306

Steven L. Price, Hillsboro, argued the cause and filed the brief for appellant.

Jon S. Henricksen, Gladstone, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

In this appeal from a dissolution judgment, husband contends that the trial court erred in its division of property and in awarding wife spousal support and attorney fees. We affirm.

The parties lived together for two years before their marriage in 1984. A dissolution judgment was entered in August, 1988. Both parties were 49 years of age at the time of trial. No children were born of the marriage, but both parties had children from previous marriages. Before the marriage, husband lived in wife's residence for two years, and she paid for most of the parties' living expenses while he paid off debts that he had incurred before his relationship with her. Wife had been working as a bookkeeper for nine years. She quit her job shortly after the marriage and later worked at two part-time jobs. Since 1984, her earnings varied from $9,579 to $21,400 per year. At the time of trial, she was unemployed and was receiving $132 per week in unemployment compensation. Husband, who has a history of alcohol abuse, was employed throughout the marriage as a truck driver. His income rose from $35,688 in 1984 to $47,000 in 1987. Shortly before the trial, he was temporarily unemployed because of an injury and a strike.

The major marital property was a house that the couple built soon after the marriage. Husband contributed a maximum of $29,500 toward the house, and wife contributed at least $39,000. The trial court divided the marital property equally except for the parties' residence, which was ordered to be sold, with 80 percent of the net sale proceeds to go to wife and 20 percent to husband. The trial court also awarded wife spousal support of $500 a month for two years and half of her attorney fees.

Husband argues that he should receive at least 50 percent of the proceeds from the house. He contends that the marriage should be considered short term, because it only lasted four years. Therefore, he argues, we should distribute the property so as to return the parties as nearly as possible to the financial situation that they would have been in if no marriage had taken place. *See York and York,* 30 Or App 937, 569 P2d 32 (1977).

As we have said before, labeling marriages as short-term or long-term depending on the duration of the relationship and then subjecting each category to different rules is not appropriate. *Holt and Holt,* 97 Or App 192, 200, 776 P2d 6 (1989). Instead, property should be distributed between the parties in a manner that is "just and proper in all the circumstances," as provided in ORS 107.105(1)(f). In situations where, due to the limited length of the marriage or other factors, the parties have not commingled their financial affairs, it may be just and proper to restore the parties to their premarital situation. As the court stated in *Jenks and Jenks,* 294 Or 236, 242, 656 P2d 286 (1982):

> "If the marriage is terminated before the parties' financial affairs become commingled or committed to the needs of children to the point that the parties cannot readily be restored to their pre-marital situations, then property division is a relatively simple task in the nature of a rescission."

Here, we cannot readily restore the parties to their pre-marital situation because their financial affairs have become commingled during their six-year relationship. They maintained joint checking and savings accounts, jointly obtained several loans and combined their resources to build a new residence. Thus, the marital property should be divided in accordance with generally applicable principles of distribution.

■ The marital property was not divided equally. Under the trial court's division of the proceeds of the residence, wife will receive approximately $27,000 and husband, $7,000. Special circumstances, however, may dictate an unequal division of property. ORS 107.105(1)(f); *Stice and Stice,* 308 Or 316, 328, 779 P2d 1020 (1989). We conclude that the unequal division is justified because of wife's significantly lower earning capacity, her contributions to their living expenses and the greater assets she brought into the marriage. *Marchioli and Marchioli,* 85 Or App 14, 16, 735 P2d 1234 (1987); *Tannler and Tannler,* 68 Or App 432, 437, 683 P2d 110, *rev den* 297 Or 547 (1984).

■■ Husband also argues that spousal support should not have been awarded, because the marriage was short-term, because wife quit her job during the marriage and because she is as employable as she was before the marriage. Although the

length of marriage is a consideration in awarding spousal support, it is not dispositive. ORS 107.105(1)(d); *Holt and Holt, supra,* 97 Or App at 200. The record shows that wife quit her job because of a mutual agreement between the parties. Although she has been attempting to obtain employment since the separation and has obtained some training, she does not yet have a job, despite 60 job interviews. She has no permanent residence, living instead with her mother or friends. Her earning capacity is significantly lower than husband's. The award of limited spousal support here allows wife to become self-sufficient and work toward obtaining a standard of living not overly disproportionate to the standard that she was accustomed to during the marriage. *Grove and Grove,* 280 Or 341, 347, 571 P2d 477, *modified* 280 Or 769, 572 P2d 1320 (1977).

■ Husband also argues that the trial court erred in awarding attorney fees. The trial court incorrectly stated that the attorney's fees would be awarded pursuant to ORCP 68C(1) rather than under the appropriate statute, ORS 107.105(1)(i). However, the procedures in ORS 107.105(1)(i), including an evidentiary hearing on the matter, were followed. Husband was not prejudiced by the mistake.

Affirmed. Costs, not including attorney fees, to wife.