Argued and submitted May 3, on appeal and on cross-appeal, judgment modified and affirmed as modified; remanded for entry of judgment June 12, 1991

In the Matter of the Marriage of

## William Manfred HELM,
*Respondent - Cross-Appellant,*
*and*

## Sonya Elizabeth HELM,
*Appellant - Cross-Respondent.*

(DO88-615; CA A63824)

813 P2d 52

Donald O. Tarlow, Newberg, argued the cause for appellant - cross-respondent. With him on the briefs was Brown, Tarlow & Berry, P.C., Newberg.

Kathryn S. Augustson, Portland, argued the cause for respondent - cross-appellant. With her on the brief was Johnston & Augustson, P.C., Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Wife appeals from a dissolution judgment. She contends that the trial court's property division was inequitable and its spousal support award inadequate. Husband cross-appeals. On *de novo* review, we modify the judgment and affirm it as modified.

The parties, age 46, have been married for 23 years. They have two children, ages 20 and 12. The custody of the minor child was awarded to wife. Wife testified that the minor child has a learning disability and it is necessary for her to tutor him two to four hours each school night. Husband is employed as a secondary school teacher and his annual income for the 1989-90 school year was $38,613. During the marriage, husband obtained a master's degree in science and a Ph.D in educational psychology. He participates in the Public Employes Retirement System (PERS).

Wife has a master's degree in English. Although she holds a valid teaching certificate, her most recent teaching experience in a formal classroom setting was in 1973. Since that time, she has had occasional part-time jobs, none of which has required that she have a teaching certificate. After the parties separated, wife was unsuccessful in finding a teaching position and consulted a vocational expert. The vocational expert testified that wife was not a "highly desirable commodity on the labor market," because of her remote teaching experience and the surplus of teachers in Oregon. He also said that, because wife tutors her son in the evenings, she would have difficulty working more than six hours a day. Wife proposes to pursue a master's degree in education with a handicapped learner's endorsement for her teaching certificate. The vocational expert testified that wife could complete the program within three years and could be back into the job market within five years, at an annual salary of $24,000 to $25,000.

The trial court awarded wife an interest in husband's retirement benefits, requiring that a fraction of the benefits be paid to wife as husband receives them. The property division was approximately equal, except for the proceeds from a proposed sale of timber. The parties had an offer for the timber of $141,000, and the court awarded wife the first

$31,000 of the proceeds, with the balance to be divided equally. It also ordered husband to pay wife $600 per month spousal support for five years, plus child support of $400 per month.

■■ Wife argues that the court erred in awarding her a fraction of husband's PERS benefit payments when received by him, rather than awarding the PERS account to him and awarding her offsetting assets. She contends that, because husband will be able to choose between different payment options, he may choose an option that will substantially reduce the benefits that she will receive. She suggests that, instead of a fraction of the PERS account, we award her all of the timber proceeds.

An offset approach is generally preferred when the marital estate contains other sufficiently valuable assets, because it disentangles the parties. *Richardson and Richardson,* 307 Or 370, 381 n 7, 769 P2d 179 (1989). However, we must also consider the nature and value of the assets, including certainty of valuation and liquidity. The proposed sale of timber is based on an immediate definite offer to purchase. Husband's PERS account has no immediate liquidity at the actuarial present value. The trial court's distribution provides for a reasonable division of liquid assets to each party and also gives each party retirement assets. That arrangement does not defeat the policy goal of disentangling the parties, because the PERS administrator will be responsible for making actual payments and will be bound by the terms of the judgment. ORS 237.205.

We are concerned, however, about husband's ability to make an election that could reduce wife's eventual distribution of the PERS benefits. Therefore, we remand to the trial court to modify the qualified domestic relations order to prohibit an election by husband that would adversely affect the benefits to which wife is entitled under the trial court's award.

■ In her next assignment of error, wife contends that the trial court erred, because it did not reduce her award of timber sale proceeds by her income tax consequences. She argues that the distribution is inconsistent with the trial court's treatment of the timber land awarded to husband,

because the land was discounted $27,700 for the income tax consequences of the sale. According to wife, the trial court's rationale was that, because wife's income from the timber sale is taxable at a lower rate than husband's, because of the disparity in their incomes, the additional amount of taxes that she will have to pay on the greater award is offset by the lesser tax rate. Correspondingly, the lesser award to husband has greater tax consequences, because he pays taxes at a higher rate. Wife contends that the differences in awards and tax rates do not offset each other and that she will realize only $18,500 from the $31,000 award after taxes. She urges that the amount awarded to her "be calculated net of taxes."

We are reluctant to disturb the trial court's decision on this record. At trial, a certified public accountant testified that the spouse who had control of the property would be responsible for the tax consequences. The accountant had not computed the tax consequences to the parties in the event that the sale proceeds were split. The court asked the accountant about the tax consequences if it awarded the land to one party and divided the interest in the timber. The witness responded that "[i]f there was joint interest, * * * then they would somehow have to share in the tax load, I would say." In the judgment, the court awarded the property to husband, subject to an order to sell the timber. In the light of the fact that timber sale proceeds will accrue post-judgment, we are not willing to disturb the distribution based on speculative tax consequences.

■ Wife's next assignment is that the court erred in taking the testimony of husband's vocational expert by telephone. She is correct. *See State ex rel Juv. Dept. v. Gates,* 86 Or App 631, 740 P2d 217 (1987), *rev den* 305 Or 45 (1988). ORS 45.040. We decide the case without considering that testimony.

■ Wife also contends that the trial court erred both as to the duration and amount of spousal support. She requests $1,000 per month for five years and $600 per month thereafter as permanent spousal support. Husband cross-appeals, arguing that the amount or the duration of spousal support should be reduced. ORS 107.105(1)(d) provides that support may be awarded in any amount and for a period of time that is "just and equitable for the other party to contribute." ORS

107.105(1)(d)(F) provides for an award of support to compensate the homemaker spouse when it is likely that spouse will never fully recover from the loss of economic position caused by the extended absence from the job market.

Both parties came to Oregon in 1968 and began teaching careers in the same school district. This is a 23-year marriage in which wife has foregone the opportunity to advance her career in order to perform the role of homemaker. Although she possesses the qualifications to teach, she has limited employability because of her extended absence from the job market. Even after she has completed her education and is employed as a teacher, she will probably earn substantially less income than her husband. There will likely be a permanent gap between the parties' earning abilities. Because of those facts, we conclude that wife is entitled to permanent support of $600 per month. A permanent support award insures that her standard of living will not be overly disproportionate to that she enjoyed during the marriage.

■■ In his cross-appeal, husband argues that it is inequitable to award wife spousal support *and* a disproportionately larger share of the marital estate. The trial court's property division was approximately equal, except that it awarded wife the first $31,000 of the timber proceeds, with the balance divided equally.[1] The court awarded the land with the timber to husband and ordered the timber to be sold. It awarded wife a larger share of the proceeds "in lieu of giving spousal support for a longer period of time." We disagree with the trial court's award of $31,000 in lieu of long-term spousal support. However, wife is entitled to a greater share of the timber proceeds than husband, because of her contribution to the purchase of the timber property.

ORS 107.105(1)(f) provides a rebuttable presumption that both spouses contributed equally to the acquisition of property during the marriage. The presumption may be

---

[1] The trial court valued the logged-off land at $50,000, an after tax value and a reduction of $27,700 from its appraised value of $77,700. There is no evidence in the record that husband intended to sell the land after the timber was harvested or that he had received an offer for it. The trial court's distribution to each party is approximately equal, if taxes are not deducted. However, neither party argues that the trial court erred in valuing the land, and we need not decide that question.

overcome by evidence of a gift of property to one spouse that was not related to efforts of the other spouse and in which the other spouse was not an object of donative intent. *Jenks and Jenks,* 294 Or 236, 241, 656 P2d 286 (1982). During the marriage, wife's mother gave U.S. government bonds totalling $47,000 to wife alone. The mother made other gifts to the parties jointly. Wife used $28,781 from the bonds to purchase the timber property. Although the deed to the property is in the names of husband and wife, he did not contribute economically or otherwise to the acquisition of the timber property, and he was not the object of wife's mother's donative intent with respect to the bonds. We conclude that wife overcame the presumption of equal contribution and that it is just and proper under the circumstances to award wife the amount of her investment before dividing the proceeds of the sale. Accordingly, we modify the property division to award wife the first $28,781 of the timber proceeds, with the balance to be divided equally.

On appeal and on cross-appeal, judgment modified to provide wife permanent spousal support of $600 per month and to award wife the first $28,781 of timber sale proceeds; affirmed as modified; remanded for entry of a judgment and qualified domestic relations order not inconsistent with this opinion. Costs to wife on appeal and on cross-appeal.