Argued and submitted December 18, 1990, affirmed June 19, 1991

In the Matter of the Marriage of

Nancy S. MANGELSDORF,
*Respondent,*

*and*

John C. MANGELSDORF,
*Appellant.*

(89-3-118; CA A63680)

813 P2d 61

Ira L. Gottlieb, Portland, argued the cause for appellant. With him on the brief was Keller, Gottlieb & Gorin, Portland.

Robert A. Bennett, Portland, argued the cause for respondent. With him on the brief was Bennett & Durham, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Husband appeals a judgment of dissolution. He assigns error to the court's provisions for property division, spousal support and attorney fees. On *de novo* review, we affirm.

Wife and husband were married from 1983 to 1989. Husband is a lawyer; wife is a legal secretary. They are in their forties and had no children together. Each had been married before. Under the settlement agreement that terminated her first marriage, wife had received an unencumbered lot in Manzanita, a residence in Portland and a vendor's interest in a real estate contract that yielded $351 a month and provided for a balloon payment of $40,000.

Husband brought debts of between $20,000 and $25,000 and very few assets to the relationship. He persuaded wife to take out a second mortgage on her Portland residence to liquidate his debts. In 1987, husband signed a statement disavowing any interest in the residence and agreeing to repay wife any debts that he owed her.

Wife paid off the second mortgage, which had a balance of $22,932, with the balloon payment from the real estate contract. The rest of the balloon payment went to pay off the couple's miscellaneous debts and to make a down payment on a car for husband. Wife sold the Manzanita lot and put the final payment of $6,500 into remodeling the residence. She sold the Portland residence in December, 1987, and netted $41,000. She used that sum for a down payment on a residence in Lake Oswego ($15,000), to pay accumulated debts ($6,000), the balances owed on a hot tub at the Portland residence and on husband's car and to buy a car for herself. The remaining $5,000 went to remodel the Lake Oswego residence.

Husband contributed to the marriage a $26,000 insurance payment and $3,000 received from the sale of stock. Both partners contributed all their earnings.

The court awarded wife $500 a month in spousal support for a year, a judgment against husband for $20,000 at 9 percent interest, to be paid at the rate of at least $500 a month after termination of the spousal support, her attorney

fees and costs ($5,377), her car (worth $5,500), personal property (worth $5,000), furniture and collectibles (worth $3,000 to $30,000), the bank account under her control (worth $200) and the Lake Oswego residence (with an equity of $27,000). Husband received all of his retirement and profit sharing accounts ($10,494), his personal property (worth $2,000 to $3,000), his two cars (worth $18,000) and the bank accounts under his control ($500). The court prefaced its decision by remarking that, "in a short marriage such as this," it was obligated to put the parties back into the position that they were in before their relationship.

■ Although the court's remark does not state the current law, its disposition is correct. The general principle for a marital property division is that it must be "just and proper in all the circumstances." ORS 107.105(1)(f). The length of the marriage generally is not decisive in making that determination; the extent to which the parties' financial affairs have become commingled is the more important factor. *Jenks and Jenks,* 294 Or 236, 242, 656 P2d 286 (1982). Generally, the court has to attempt to make an equal division of the marital assets. Special circumstances may, however, call for an unequal division of property. ORS 107.105(1)(f); *Stice and Stice,* 308 Or 316, 328, 779 P2d 1020 (1989). We conclude that the court's property division was just and proper in the light of wife's lower earning capacity and the greater assets that she brought to the marriage. *Dull and Dull,* 104 Or App 275, 278, 800 P2d 306 (1990).

■ Husband complains that the judgment of $20,000 should be vacated in order to achieve an equitable property division. The court, however, awarded the judgment to enforce husband's written promise that he would repay wife for liquidating the debts that he brought to the marriage.[1]

■ Husband challenges the one-year, $500 monthly spousal support award. The award was just and proper, considering that wife's mortgage payments on the Lake Oswego home are more than twice the mortgage payments on the Portland residence and that the marriage depleted most of wife's assets.

---

[1] Husband complains that he still has debts of over $21,000. The court properly made him responsible for those debts, which he incurred after the separation.

■     Husband's final assignment of error is that, given the substantial disparity in the property distribution, the award of $5,377 in attorney fees and costs to wife was inappropriate. We review for abuse of discretion, *Richardson and Richardson,* 307 Or 370, 385, 769 P2d 179 (1989), and do not find it. Moreover, husband should not be heard to complain. The parties stipulated at trial that, if the court felt it appropriate to award wife attorney fees, it should follow ORCP 68. Husband failed to file a written objection to wife's statement of fees and costs as required by ORCP 68C(4)(b).

Affirmed. Costs to wife.