On appellant's motion for reconsideration filed September 25, reconsideration allowed; remanded for determination of date of entry of judgment and recalculation of wife's property division; opinion (108 Or App 407, 816 P2d 642) otherwise adhered to December 4, 1991

In the Matter of the Marriage of

Lisa Carol KAMPMANN,
*Respondent,*

*and*

Shawn Evans KAMPMANN,
*Appellant.*

(89-2747-D-3; CA A65071)

820 P2d 1379

G. Philip Arnold and Drescher & Arnold, Ashland, for motion.

Patricia Crain, Medford, *contra.*

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Husband has moved for reconsideration of our decision. *Kampmann and Kampmann*, 108 Or App 407, 816 P2d 642 (1991). We allow the motion.

In the opinion, we modified the trial court's award of $15,900 to wife for property equalization. That amount was derived, in part, from the value of $56,223 that the trial court placed on the Greensprings property. We concluded that the correct value for the parties' interest in the Greensprings property was the amount that the property had appreciated during the marriage and determined that that amount was $5,434 per year from the date of marriage to the date of dissolution. We then modified the property equalization provision of the judgment to reduce the amount from $15,900 to $8,319.

Husband now asserts that our calculations were incorrect and that the modified figure should be $6,346. He is correct that we used the wrong figure in our previous opinion, but the figure he reaches is also incorrect. He asserts that the relevant time is from June 8, 1983, to the date of the dissolution, which he says was April 11, 1990; therefore, he would multiply the yearly appreciation of $5,434 by 6.83 years. That is wrong, because the date of dissolution was not April 11, 1990. However, the copy of the judgment of dissolution in the record bears several dates, and we are unable to determine the actual date of dissolution. The judgment could not have been entered on April 26, 1990, or attested to on May 17, 1990, as evidenced by the Trial Court Administrator's stamp, *and* have been signed by the judge on May 26, 1990. Therefore, we remand for the court to determine the date of entry of the judgment and then to calculate the correct amount of appreciation of the Greensprings property during the marriage and the correct property equalization award.

Reconsideration allowed; remanded for determination of date of entry of judgment and recalculation of wife's property division equalization award in paragraph 12 of the judgment; opinion otherwise adhered to.