Argued and submitted September 19, 1991, affirmed May 13, 1992

In the Matter of the Marriage of

Janet L. DUBNICAY,
*Respondent,*
*and*

Steven P. DUBNICAY,
*Appellant.*

(D9006-64810; CA A68406)

830 P2d 608

Robert L. McKee, Portland, argued the cause and filed the brief for appellant.

John J. O'Hara, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

DEITS, J.

## DEITS, J.

In this appeal from a dissolution judgment, husband seeks review of the trial court's division of property. He contends that the court erred in considering the parties' relationship before the marriage and in not taking into account each party's contribution of assets at the time of marriage. We affirm.

Husband, age 38, and wife, age 42, began their relationship in 1983, were married in June, 1986, and separated in June, 1990. Both parties owned their own residences before the marriage. Husband began living with wife in her house about June, 1984, but kept his former house. At that time, he started an awning business, which he operated from her house. His gross income from that business rose from $50,885, to $119,900 in 1989. After the marriage, the parties sold wife's house and purchased a new one. Husband built awnings on the new house, in part for display purposes, and a shed in the yard for his business. Wife worked as a legal secretary, sometimes full time and sometimes part time. At the time of trial, she was working full time and grossing $21,600 a year. She has two children from a previous marriage and receives $300 per month child support.

■ The trial court found that husband brought more money to the marriage than wife. It also determined that the parties cohabited before the marriage and that, even if they did not commingle their assets during that time, wife was contributing more than husband to their expenses. The court awarded property valued at $51,960 to husband and $56,300 to wife, noting that husband was capable of earning "probably three times more than she" and that he was able to continue to accumulate more money.

Husband argues that the court erred by

"awarding assets of the value of $51,960.00 to husband and assets of the value of $61,100.00[1] to wife when at the time of

---

[1] The value that husband assigns to the assets awarded to wife is greater than the value that the court gave them. Although husband does not assign error to the court's valuation of wife's assets at $56,300, he adds to it $4,800 for her jewelry. The court did not assign values to several items for which it stated that there was inadequate evidence of value. Those assets included husband's business, which wife estimated was worth $10,000, and wife's jewelry.

marriage the husband contributed assets of the value of $58,722.00 to the marriage and the wife contributed $14,000.00."

He contends that the court should not have considered the period of the parties' relationship before the marriage in the property division. The time that the parties cohabited before a marriage is usually included in determining the duration of a relationship for the purpose of a property division, except when it has been shown that the parties did not commingle their finances during that time. *Kampmann and Kampmann*, 108 Or App 407, 410, 816 P2d 642, *mod on other grounds* 110 Or App 100, 820 P2d 1379 (1991).

■    The evidence shows that the parties commingled their finances during the time that they cohabited before their marriage. They did maintain separate bank accounts during that time, but other factors indicate that they also began to commingle their assets. Husband started his own business at the time that he moved into wife's residence. He had a business phone installed in her house and operated the business from there. Both paid household expenses. Husband began renting out his house before the marriage, and the rent covered the expenses on it. Other than converting their separate bank accounts to joint accounts after the marriage, there does not appear to have been any significant change in the handling of their finances before and after the marriage. We conclude that it was appropriate to consider

"the entire length of the relationship, not simply the time during which the parties were legally married, in determining the value of the assets for property division." *Burton and Burton*, 92 Or App 287, 289 n 2, 758 P2d 394 (1988).

■■    Husband next contends that, because the marriage was of short duration, the court should have divided the property so as to put the parties in the financial position that they would have been in if they had not married. *York and York*, 30 Or App 937, 939, 569 P2d 32 (1977). In some situations, due to the limited length of the marriage or other factors, it is just and equitable to restore the parties to their premarital financial situations. *Mangelsdorf and Mangelsdorf*, 107 Or App 683, 686, 813 P2d 61 (1991). That is not appropriate here, however, because the parties have commingled their assets to the extent that they cannot readily be

restored to their premarital situations. *Jenks and Jenks*, 294 Or 236, 242, 656 P2d 286 (1982); *Dull and Dull*, 104 Or App 275, 800 P2d 306 (1990).

■ Relying on *Gerlitz and Gerlitz*, 50 Or App 443, 623 P2d 1088, *rev den* 290 Or 853 (1981), husband also argues that the court should have distributed the property to reflect the parties' initial contributions and then divided equally any increase in value of the joint estate during the marriage. Husband may have brought more assets to the marriage; nonetheless, it is not disputed that husband and wife both conveyed assets to each other during the marriage. They converted their separate bank accounts into joint accounts. They sold wife's residence and cashed husband's Treasury bill and purchased a new house with the proceeds. They traded in husband's boat and bought a larger one. We conclude that all of the parties' assets are marital assets and are subject to the presumption of equal contribution under ORS 107.105(1)(f). *See Stice and Stice*, 308 Or App 316, 325, 779 P2d 1020 (1989). Husband contends that he has overcome that presumption, because more of his money was used. We disagree. Both parties contributed to the purchase of assets and to household expenses, and the difference in the value of the contributions is not nearly as substantial as husband argues.

■ We conclude that the trial court's property division that gave wife approximately 52 percent and husband approximately 48 percent of the assets is "just and proper under all the circumstances." ORS 107.105(1)(f). Husband's income is significantly greater than wife's, and she was awarded no spousal support. Furthermore, husband was awarded his business, which included equipment and other assets to which the trial court assigned no value.

Affirmed. Costs to wife.