Argued and submitted August 6, remanded in part with instructions; otherwise
affirmed December 8, 1993

## In the Matter of the Marriage of

### Karl STEPHENS,
*Appellant,*

*and*

### Thalia STEPHENS,
*Respondent.*

### (91-2232-D-1; CA A76757)

865 P2d 374

Raymond S. Tindell argued the cause and filed the brief for appellant.

Patricia Crain argued the cause for respondent. With her on the brief was Crain, Austin & Guy.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

**WARREN, P. J.**

Husband appeals a judgment of dissolution. He assigns error to the trial court's division of property and its order creating a trust for the education of the parties' children. On *de novo* review, we affirm in part and remand in part.

This dissolution ends a 21-year marriage. Husband is 46 years old and earns approximately $1,500 per month. Wife earns about $800 per month. Both are in good health. During the marriage, wife inherited more than $200,000. The parties used that money to open investment accounts, pay debts and purchase property as tenants by the entireties. They also invested about $52,000 in certificates of deposit (CD's) for the education of their two children, ages 16 and 18. The court divided the marital assets, giving $156,770 to wife and $94,800 to husband. It also ordered husband to pay $215 per month for child support, based on the child support guidelines. *See* ORS 25.280; ORS 107.105; OAR 137-50-320 to OAR 137-50-490. Finally, the court ordered the parties to hold the CD's in trust for the education of their children.

■ Husband's first assignment of error is that the court erred when it ordered that the parties hold the CD's in trust. He does not contend that the court incorrectly determined his monthly child support obligation. However, he asserts that the trust is "additional" support and that the trial court was without authority to order him to pay that additional amount. We disagree with his analysis and conclusion. The trial court determined that the CD's were marital property that could be divided and awarded that property to husband and wife jointly. It also concluded that they had a long-standing agreement that the CD's were to be used for their children's education and ordered them to hold the CD's in trust for the benefit of the children. On *de novo* review, we agree with the trial court. The trust is simply a device to enforce the parties' agreement to use marital assets to educate their children. However, we cannot determine from the record if and when the trust assets will be used for their intended purpose. The dissolution judgment provides that father's support obligation will continue if the children attend school between the ages of 18 and 21. *See* ORS 107.108. If they attend school during that period, and the

trust assets are used for their educational expenses, the support obligation of the parties may need to be reevaluated.

■ Husband also argues that the trust is flawed, because it is uncertain in its terms, does not have any durational limitations and does not provide for the disposition of any trust assets remaining after the purpose of the trust has been accomplished. We agree, in part. The trust corpus consists of undivided marital property. After the period of the trust has expired or the purpose of the trust has been accomplished, any remaining trust assets must be distributed. The record shows that the parties did not intend that the CD's remain available for the children's education for an indefinite time. Therefore, a limitation on the duration of the trust must be set. Accordingly, we remand to the trial court to set a limit on the trust's duration, provide for the distribution of any trust assets remaining after the period of the trust has expired or the purpose of the trust has been fulfilled and to establish any other necessary trust terms or conditions. Husband's other arguments about the trust do not merit discussion.

■ In his second assignment of error, husband argues that the court improperly divided the marital assets. A marital property division must be "just and proper in all the circumstances." ORS 107.105(1)(f). Although the court should attempt to make an equal division of the marital assets, special circumstances may call for an unequal division. ORS 107.105(1)(f); *Stice and Stice*, 308 Or 316, 328, 779 P2d 1020 (1989). We conclude that the trial court's property division was just and proper in the light of wife's lower earning capacity and the fact that she was not awarded spousal support. *Dull and Dull*, 104 Or App 275, 278, 800 P2d 306 (1990).

Remanded with instructions to enter amended judgment providing terms for the trust and the disposition of trust assets after its term has expired or its purpose has been accomplished; otherwise affirmed. Costs, not including attorney fees, to husband.