In the Matter of the Marriage of

Valerie Sue THOMPSON,
*Respondent,*

*and*

Gary O. THOMPSON,
*Appellant.*

(96-0823; CA A97980)

965 P2d 1060

George W. Kelly argued the cause and submitted the brief for appellant.

Thomas E. Elliott argued the cause for respondent. With him on the brief was Evashevski & Elliott.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

**ARMSTRONG, J.**

Husband appeals a dissolution judgment, challenging the trial court's award of spousal support and the disposition of marital property. We review *de novo*, ORS 19.125(3), and affirm.

The parties had been married seven years at the time of the dissolution. Husband was 41 years old, and wife was 43. They have two children, ages six and four. Husband is an engineer with the Oregon Department of Transportation, and the trial court found his monthly income to be $4,315. Husband completed his master's degree during the first year of the marriage. Wife is currently a part-time instructor at both Oregon State University and Western Oregon University, earning an average of $2,250 monthly. Wife earned her master's degree before the marriage.

Wife was employed full time as an elementary school teacher when the parties married. She largely supported husband during the first year of their marriage while he completed his graduate degree. When the parties' first child was born in 1991, wife took an unpaid leave of absence from her job to deal with a serious medical condition affecting the child. The child was born with a congenital nevus, a large mole that covered approximately a third of his head. The condition required seven surgeries during the child's first four years. At the time of trial, it was estimated that the child would need at least two additional surgeries within the next three years.

Due primarily to the child's medical condition, husband and wife agreed that wife would quit her job so that she could stay home full time to care for the child. In 1993, the parties' second child was born. After staying home for approximately two and a half years, wife began to work part time in 1994 and at the time of trial was employed in two half-time positions.

In the dissolution judgment, the court ordered husband to pay wife $400 per month spousal support for three years. It also awarded wife custody of the children and ordered husband to pay child support.

In dividing the parties' property, the court awarded wife the family home as well as a $47,000 credit for the down payment that had been made on the home from funds that wife had brought into the marriage. It awarded each party their respective vehicles and pension accounts and awarded husband a $15,000 judgment against wife. The $15,000 judgment did not equalize the property division between the parties.

Husband assigns error to the award of spousal support, arguing that wife does not need the support and that she is capable of working full time and increasing her income to a level comparable with his. We disagree. A court may award spousal support that is just and equitable under all the circumstances. *Burns and Burns*, 107 Or App 167, 169, 811 P2d 654 (1991). ORS 107.105(1)(d) establishes the criteria to be considered in making a spousal support award. The statutory factors include the length of the marriage, the age and health of the parties, the contribution by one spouse to the training, education and earning power of the other, the earning capacity of both parties, the need for training or education to be self-supporting, the number and need of dependants and the standard of living established during the marriage. Additionally, we consider the extent to which the earning capacity of a party is impaired because of an extended absence from the job market to attend to family needs. ORS 107.105(1)(d)(F); *Rykert and Rykert*, 146 Or App 537, 540, 934 P2d 519 (1997).

After considering the relevant factors, we conclude that, under all of the circumstances here, wife is entitled to spousal support. First, as the trial court found, the parties have a child with significant medical problems. The child still faces at least two more surgeries, and it is certainly beneficial to have the mother present and able to care for the child. Second, there is a significant disparity in the current earning capacity of the parties. Husband earns roughly twice the monthly income of wife. Although wife is well-educated, she left the job market for a significant amount of time to care for the parties' children. In addition, there is no evidence that wife currently has a steady, long-term position. Husband argues that wife is choosing not to work and that he should not have to subsidize that choice. We disagree. The evidence

shows that the decision for wife to stay at home was a mutual one. In addition, there was no evidence that wife was actively rejecting generous full-time job offers with local school districts.

Wife would also need to undertake some computer training and to update her teaching certificate to become employable as an elementary school teacher. Lastly, wife worked full time and supported husband during the early part of the marriage, enabling him to complete his graduate degree. Husband's advanced degree has certainly increased his earning capacity and career prospects. For all those reasons, we find the award of spousal support to be just and equitable and one that enables wife to become self-supporting within the next three years.

Husband also assigns error to the property division. Before the marriage, wife had worked as a teacher in England for approximately 15 years. She brought to the marriage roughly $80,000 in proceeds from the sale of her London home. Husband brought minimal assets to the marriage. Husband's name was put on wife's English bank account shortly after the marriage. The money in that account was primarily used for family purchases, including the $47,000 down payment on the family home. As noted above, the trial court gave wife a credit for the down payment. Husband contends that the trial court erred in doing that, because the premarital funds had become commingled.

We conclude that the premarital assets were commingled. Both parties had control over the house and both contributed to its upkeep. Both parties testified that the money in the English account was used for family purchases. As with other property acquired during a marriage, there is a rebuttable presumption of equal contribution and ownership of the funds that wife contributed to the marriage. ORS 107.105(1)(f); *Burns and Burns*, 107 Or App 167, 170, 811 P2d 654 (1991). Wife did not overcome that presumption here.

■   However, that is not the end of our inquiry. Special circumstances may dictate an unequal division of property. ORS 107.105(1)(f); *Dull and Dull*, 104 Or App 275, 278, 800

P2d 306 (1990). We conclude that an unequal division is justified here. The award of the "long half" of the marital assets to the wife is justified because of wife's significantly lower earning capacity. *Tannler and Tannler*, 68 Or App 432, 437, 683 P2d 114, *rev den* 297 Or 547 (1984). Husband's income is significantly greater than that of wife. Due to her intermittent employment since the birth of their children, wife's average yearly income for the past three years has been $8,213, while husband has earned approximately $47,000 annually. Wife's current earning capacity is uncertain in her chosen field and in light of her family situation. Full-time teaching positions are difficult to obtain, and there has been some shift away from wife's specialty. Wife also remains the primary caregiver for two young children, one of whom has a serious medical condition.

In addition, wife also brought markedly greater assets into the marriage. We have considered such a difference to be an appropriate factor to consider in dividing marital assets. *Maxwell and Maxwell*, 53 Or App 165, 631 P2d 355 (1981). For example, in *Dull*, 104 Or App at 278, we upheld a division of assets that gave the wife $20,000 more than the husband, stating that an "unequal division is justified because of wife's significantly lower earning capacity, her contributions to their living expenses and the greater assets she brought into the marriage." *See also Helm and Helm*, 107 Or App 556, 813 P2d 52 (1991); *Burns*, 107 Or App at 170-71. Here, wife brought approximately $80,000 in cash to the marriage, while husband's assets were minimal. By giving wife a credit for the $47,000 down payment, the property award allows wife to remain in the family home with the children or to use the home to generate additional income. We conclude that the court did not err in dividing the parties' property as it did.

Affirmed.