Argued and submitted July 10, remanded with instructions August 2, 2000

## In the Matter of the Marriage of

## Gaylyn PADGETT-BELLEGANTE,
*Respondent,*

*and*

## Dean PADGETT,
*Appellant.*

## (96-1978; CA A105649)

7 P3d 773

Hilary E. Berkman argued the cause and filed the brief for appellant.

George W. Kelly argued the cause and filed the brief for respondent.

Before Linder, Presiding Judge, and Kistler and Brewer, Judges.

BREWER, J.

**BREWER, J.**

Husband appeals from the division of property in the judgment dissolving the parties' marriage. Of the four assignments of error he makes, we focus primarily on his contention that the trial court erred in dividing only the appreciation in the value of the marital residence that occurred after the marriage. Husband argues that the trial court should have considered the entire equity in the residence, including the premarital portion that accrued while wife was its sole owner, in calculating the amount of the equalizing money judgment that he was ordered to pay. We review *de novo*, ORS 19.415(3), and modify the judgment to provide for an equal division of the marital assets.

The parties were married in 1993 and separated in 1997. At the time of trial in 1998, husband was 51 and wife was 44. When the parties were married, husband's assets totaled approximately $316,000. Of that amount, $143,000 consisted of cash and promissory notes derived from the sale of husband's interest in an employee leasing business that he co-owned before the marriage. The balance consisted of husband's share of the assets from the dissolution of his prior marriage. Included among those assets were a number of promissory notes owed to husband from various business activities. Husband also owned a residence located near Bend, in which he had no equity. Wife had considerably fewer assets, chiefly consisting of the Albany residence in which she lived and a small business, Video Memories, that she owned. At the time of the marriage, the Albany residence was valued at $115,000 but was encumbered by a mortgage in the amount of $64,000 and, thus, had a gross equity of $51,000. Wife was required to pay half of that equity to her former husband and, therefore, her net equity in the property was $25,500.

During the marriage, the parties lived in the Albany residence. Soon after they were married, wife added husband's name to the title. Husband then co-signed a loan and second mortgage against the residence in order to repay a loan from wife's father that had satisfied her ex-husband's interest in the property and to pay consumer debt owed by

the parties. During 1993 and 1994, husband paid the mortgages, property taxes, and insurance on the residence from his premarital funds. During the remaining years of the marriage, the parties paid those expenses from joint funds. In 1995 and 1996, the parties paid for substantial improvements to the residence, including a new deck, doors, carpeting, wallpaper, painting, flooring, and a dishwasher. Husband performed some of the physical labor to make those improvements.

In 1994, the parties began a new business, Employee Business Solutions (EBS), with start-up capital from husband's premarital assets. EBS, like husband's former business, was an employee leasing business. The parties co-owned and managed EBS. Each of them expended considerable efforts in its growth and development and, as a result, the business became successful. Husband alone operated EBS after the parties separated. At the time of dissolution, husband's monthly income from EBS was approximately $7,000. Wife's income was approximately $2,500 per month from Video Memories and employment with a competitor of EBS for whom she worked after the separation.

The primary issue at trial, as on appeal, was the division of property. The trial court excluded from the property division an investment account and two small parcels of real property that husband had brought into the marriage and that were never commingled in the parties' joint finances. The trial court treated EBS as a marital asset, valued it as of the date of trial at $210,000, and awarded it to husband. Husband also received additional marital assets, consisting of vehicles with a net value after loans of $19,200, savings of $1,500, and $5,550 in miscellaneous personal property, including $1,000 in furnishings. In addition, husband was awarded the $5,000 equity in the Bend residence that he owned before the marriage which, as far as appears from the record, consisted entirely of appreciated value during the marriage. Husband was also ordered to pay $17,595 in unsecured marital debts. Thus, husband received net marital assets in the property division in the sum of $223,655.

Wife received her video business, which was treated as a marital asset because wife upgraded its value with joint

funds, at an agreed value of $15,000. Wife also received other marital property consisting of a vehicle with a net value of $10,000, $17,225 in cash and savings, and miscellaneous personal property—excluding furnishings—worth $3,575. The trial court also awarded the Albany residence to wife. At the time of trial, that property had a market value of $163,000; the first mortgage balance was $56,000, and the second mortgage balance was $28,000. The court valued the Albany residence at $48,000, representing only the appreciation that accrued during the marriage. The court treated the second mortgage—but not the first mortgage—as a marital debt and charged that debt to wife. Thus, wife received the Albany residence at a net value of $20,000. Wife also was ordered to pay $750 in unsecured marital debt, leaving her with net property valued at $65,050.

In sum, husband received marital assets valued at $158,605 ($223,655 minus $65,050) in excess of those awarded to wife. Therefore, in order to equalize the division of marital assets, the trial court ordered husband to pay an equalizing judgment to wife in the amount of $79,302.[1] Wife did not seek or receive spousal support.

On appeal, husband makes four assignments of error, each of which challenges the amount or existence of the equalizing judgment. He argues that the trial court erred (1) in valuing EBS at $210,000; (2) in its treatment of the Albany residence; (3) in failing to assign a value to marital furnishings that wife received; and (4) in fashioning an overall property division that was not equitable in light of the significantly more valuable assets that husband brought to the marriage.

■■    We disagree with husband's first and fourth assignments of error. After carefully reviewing the record, we conclude that the trial court properly valued EBS. An extended discussion of the parties' arguments concerning that issue would serve no useful purpose. As to the fourth assignment, although this was a marriage of relatively short duration, the parties thoroughly commingled their financial affairs with

---

[1] Husband was required to pay the judgment, including interest at nine percent per annum, within three years from the date of the judgment, with interest paid monthly.

the exception of the premarital assets that the trial court properly excluded from the property division. Husband did not successfully rebut the statutory presumption that wife contributed equally to the value of the marital property. *See* ORS 107.105(1)(f). Therefore, an equal division of the marital property was appropriate.

■ The issue that gives us pause is the trial court's treatment of the Albany residence. As noted, the court included only the appreciation in the value of that property during the marriage in the asset division. We agree with husband that the court's decision to do so, especially in light of the overall division of property, was erroneous. The Albany residence became a marital asset when wife transferred a co-ownership interest in it to husband during the marriage. *Burns and Burns*, 107 Or App 167, 170-71, 811 P2d 654, *on recons* 108 Or App 568, 816 P2d 695 (1991). Consequently, the presumption of equal contribution applied to the division of that property. *Id.* In *Burns*, as here, the wife added the husband's name to the title to her residence after their marriage. *Id.* We held that the wife had not overcome the presumption of equal contribution:

> "Although she had $15,000 in equity in the house at the time of the marriage, substantial amounts were paid toward the property during the marriage from joint funds. We hold that the parties have equal interests in the property and that husband's interest should be considered in the distribution." *Id.*

In this case, husband's contribution to the retention and improvement of the Albany residence was, if anything, greater than was the husband's in *Burns*. His premarital funds were the source of debt and tax service on the property for the first two years of the marriage, and the parties funded its maintenance from the income derived from EBS thereafter. The parties also contributed substantial marital funds, and husband expended considerable personal effort toward the improvement of the property. Wife has thus not overcome the presumption of equal contribution with respect to the residence. *See Dubnicay and Dubnicay*, 113 Or App 61, 64-65, 830 P2d 608 (1992) (mutual conveyances and commingling of assets by parties, along with joint contribution toward expenses during marriage, reinforced presumption of equal

contribution despite separate premarital ownership of assets).

In *Burns*, we held that a slightly unequal division of property in the wife's favor was equitable, despite that the presumption was not rebutted as to the parties' residence. We relied on the principle that "[s]pecial circumstances may justify an unequal distribution of property." 107 Or App at 171 (citing *Stice and Stice*, 308 Or 316, 326, 779 P2d 1020 (1989)). We explained that the wife was entitled to a greater share of the assets because she had custody of the minor children, the husband's income—even after support payments—was more than six times the wife's, she was five years older, had only a GED, and had few employment skills. *Id*. at 171. No special circumstances warrant a similar result here. Wife is self-employed with a livable income, has considerable work experience, and is younger than husband by seven years. Although we do not disturb the trial court's treatment of EBS, we deem it especially significant that wife is sharing equally in the value of that business, despite the fact that husband provided its start-up capital and had previously operated a similar business successfully, and despite the fact that much of its growth occurred after the parties' separation. Under all the circumstances, it would not be just and equitable to treat the Albany residence differently. *See Troffo and Troffo*, 151 Or App 741, 747-48, 951 P2d 197 (1997) (court will not trace commingled assets to their ultimate source, unless there is a compelling reason to do so).

Accordingly, we modify the division of that property to charge wife with the Albany residence's full value as of the date of dissolution: $163,000, less the combined total of both mortgages: $84,000. That adjustment leaves a net value of $79,000 in wife's column, increases her total share of the marital assets to $124,050, and results in a proportionate reduction in the equalizing judgment.

■ A final adjustment of the property division is required in connection with the parties' marital furnishings. The trial court charged husband with $1,000 in marital furnishings but allocated no value for marital furnishings in wife's possession. At trial, however, wife testified that she received a television, entertainment center, couches, and an

end table that were purchased from jointly owned insurance proceeds. Although husband claimed that wife's marital furnishings were worth considerably more, wife valued the items that she received at $1,225. We conclude that the value of wife's share of the marital assets should be increased by $1,225 in recognition of that minimally undisputed evidence. That adjustment increases wife's share in the property division to $125,275.

After both adjustments are made, the value of husband's share of the marital assets, $223,655, is $98,380 greater than wife's share. Therefore, in order to equalize the division of the marital assets, on remand the trial court is to enter an off-setting judgment against husband in the amount of $49,190.

Remanded with instructions to vacate judgment in favor of wife for $79,302 and enter judgment in favor of wife for $49,190, with interest thereon at statutory rate, payable in full within three years from the entry of amended judgment, interest to be paid on the first day of each month following entry of amended judgment until judgment is paid in full.