Argued and submitted July 17, judgment modified and as modified affirmed
September 9, 1987

In the Matter of the Marriage of

**ALEXANDER,**

*Appellant - Cross-Respondent,*

*and*

**ALEXANDER,**

*Respondent - Cross-Appellant.*

(D8512-68797; CA A42250)

742 P2d 63

Jacob Tanzer, Portland, argued the cause for appellant - cross-respondent. With him on the briefs were Nancy Craven and Ball, Janik & Novack, Portland.

Jack L. Kennedy, Portland, argued the cause for

respondent - cross-appellant. With him on the brief were Susan E. Watts and Kennedy, King & Zimmer, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Husband appeals from the judgment dissolving a 22-year marriage, assigning error to the award of spousal support and to the property division. Wife cross-appeals from the property division.

■　　During the marriage, husband's substantial income permitted the parties to maintain a very high standard of living. Permanent monthly spousal support of $9,000 is large; however, we believe that it is proper on this record. Husband concedes that, after paying spousal support and very modest child support to wife, he will have more disposable income after taxes to support himself than wife will have to support herself and the two children.

■　　The only issue relating to the property division, which the trial court intended to be equal, relates to what deduction, if any, should be made from husband's retirement account for the income tax liability that he will incur when he receives those funds. Any deduction will affect the determination of its value for the purpose of making the division. That account was awarded to him, and the trial court reduced its value by 15 percent. Husband contends that, because the only expert testimony is that he will incur an income tax obligation of between 35 and 45 percent on those funds when he receives them, the value should be reduced by 35 percent. On cross-appeal, wife contends that no allowance should be made on account of the possible income tax liability, because it is too speculative.

Because it is a virtual certainty that husband will not receive his retirement account free of income tax liability, the only question is what the probable tax liability will be. ORS 107.105(2) authorizes the court to take the tax consequences of a distribution into consideration. *See Whitcomb and Whitcomb,* 39 Or App 763, 593 P2d 1239 (1979), *rev den* 286 Or 745. Although the amount of the tax liability frequently cannot be determined with complete certainty, the expert testimony in this case provides a reasonable and supportable basis for making an informed judgment as to husband's probable liability. The trial court properly considered the tax consequences; however, it appears that the court intended to follow the

expert's opinion on the question,[1] but reduced the value of the account only by 15 percent, rather than by 35 to 40 percent. On this record, we conclude that the account should be reduced in value by 35 percent. The judgment, therefore, must be modified.

The effect of that recomputation results in the elimination of the judgment in favor of wife in the amount of $16,797 and the granting of a judgment to husband in the amount of $2,122 to achieve an equal distribution of assets.

On appeal, judgment modified to eliminate judgment in favor of wife and to grant judgment in favor of husband against wife in the amount of $2,122; on cross-appeal, affirmed. No costs to either party.

---

[1] The trial court stated:

"I reviewed the expert's testimony both before I wrote the opinion and again this morning and he felt, in my review of the testimony, that fifteen percent was absolute minimum. And I think it certainly would be."

We have found no evidence to support 15 percent.