On petitions for reconsideration of appellant filed January 19, and respondent filed January 24, both reconsiderations allowed, former opinion (99 Or App 703, 784 P2d 111) modified and adhered to as modified June 6, reconsideration denied July 25, petition for review denied August 28, 1990 (310 Or 282)

In the Matter of the Marriage of

WEBBER,
*Respondent,*

*and*

WEBBER,
*Appellant.*

(86-0858; CA A48210)

792 P2d 484

Edward L. Daniels, Albany, for appellant's petition.

Joel S. Devore and Luvaas, Cobb, Richards & Fraser, P.C., Eugene, for respondent's petition and response to appellant's petition.

Before Richardson, Presiding Judge, and Newman and Edmonds, Judges.

NEWMAN, J.

**NEWMAN, J.**

Husband and wife each petition for reconsideration, ORAP 9.15, of our former opinion. 99 Or App 703, 784 P2d 111 (1989). We allow both petitions, modify our former opinion and adhere to it as modified.

Husband asserts that our statement that "[h]usband's parents own the majority of the 242 shares" is wrong. 99 Or App at 705. We correct it, and also the preceding sentence, to read:

> "Husband was raised on a farm that he operated with his father until his father's retirement. Husband's parents and his siblings own the majority of the 242 shares."

Husband argues that we erroneously assumed that he probably would sell his stock to his parents. He asserts that we should have allowed a minority discount of 25 percent and a marketability discount of 30 percent on the basis of a probable sale to others. We disagree. As the Supreme Court has noted:

> "Where, as here, the [shareholder's] interest is part of the family held corporation and there have been no sales of the stock of the company, the problem is difficult. Valuation then becomes, in part at least, a problem of avoiding the capricious and arbitrary while giving adequate recognition to the real." *Unander v. Murphy,* 208 Or 77, 89, 299 P2d 813 (1956).

This is a family farming operation. If a sale should occur, and there is no evidence of any prospective sale, it could as well be by a sale of the corporate assets at their fair market value as by a transfer of the stock. We decline to apply either a minority or a marketability discount.

Wife asserts, and husband concedes, that the corporate debt to husband's father is $33,800, and not $39,340. This correction reduces the corporate liabilities by $5,540 and increases the value of each share of stock by $23. Accordingly, we value each share at $1,961. Valuing the stock at $1,961 per share, and applying that value to the court's distribution of assets, husband has net assets of $151,294 and wife has net

assets of $72,210.[1] Accordingly, we conclude that wife should have a judgment against husband of $19,932, instead of $19,254.[2]

■    In her petition, wife argues that the trial court and this court erred in deducting $60,000 from corporate assets, representing a debt to the bank, without, as wife urges, adding an increase in corporate assets for an equivalent investment in the 1988 crops. Husband responds that on this record it would be speculative to do so. We do not modify further the distribution of assets; it is "just and proper in all of the circumstances." ORS 107.105(1)(f).

Wife's petition for reconsideration allowed; husband's petition for reconsideration allowed; former opinion modified to increase wife's judgment against husband to $19,932, payable within three years after the date of the appellate judgment, with interest at nine percent per annum; former opinion adhered to as modified. No costs to either party on reconsideration.

[1]

| Description: | | Husband: | Wife: |
|---|---|---|---|
| 1. | Family residence (equity) | | $ 55,000 |
| 2. | Personal property in possession | $ 1,400 | 2,678 |
| 3. | Automobiles & camper | | |
| | 1975 Chevrolet | 875 | |
| | 1981 Oldsmobile | | 2,000 |
| | Camper | 800 | |
| 4. | IRA - Husband | | 9,134 |
| 5. | Life Insurance | | 4,223 |
| 6. | Webber Farm, Inc. — stock: | | |
| | Premarital gift - 20 shares | 39,220 | |
| | Gifts during marriage - 47 shares | 92,167 | |
| | Purchased 12 shares | 23,532 | |
| | Contract of purchase (103 shares) | -0- | -0- |
| | | $157,994 | $ 73,035 |
| Less Debts: | | 6,700 | 825 |
| | | $151,294 | $ 72,210 |

[2] We compute the amount of the judgment as follows:

$151,294
−39,220    (20 shares × $1,961 each)
112,074
−72,210
39,864
×  .50
$ 19,932