Argued and submitted December 19, 1990, remanded with instructions; otherwise affirmed May 29, 1991

In the Matter of the Marriage of

## Linda Lorraine WATSON,
*Respondent,*
*and*

## Robert Henry WATSON,
*Appellant.*

(89C-30939; CA A64340)

812 P2d 429

Russell Lipetzky, Salem, argued the cause for appellant. With him on the brief was Saucy & Lipetzky, P.C., Salem.

Bruce W. Williams, Salem, argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Husband appeals from a judgment of dissolution, assigning error to the trial court's award of child support and to its failure to dispose of certain marital debts. On *de novo* review, we remand.

The parties were married 22 years. Both are in good health. They have four children, three of whom were emancipated by the time of trial. Husband, age 44, has a high school education and has been self-employed as a plumber and a builder during the marriage. Wife, age 45, also has a high school education and has completed several college courses. She worked as a homemaker until 1975. From 1977 until the parties separated in 1988, she was employed as a bookkeeper for husband's businesses. She has worked as a secretary and a bookkeeper for a psychologist for the last four years. The trial court found that her gross monthly income was $1,225 and that husband's gross monthly income was $3,548. The court divided several parcels of real property that the parties had accumulated during the marriage, divided the marital debts and awarded wife $750 per month spousal support for seven years. Husband was awarded custody of the minor child, and wife was ordered to pay $150 per month child support.

■ Husband argues that the trial court erred in failing to apply the child support guidelines properly. ORS 25.270; OAR 137-50-320-OAR 137-50-490. He claims that wife's child support obligation should be increased, because the court erred in excluding her spousal support award and rental income in its calculation of her gross income and in not deducting husband's spousal support obligation from his gross income.[1] The trial court improperly excluded spousal support in its calculation of the child support award under the

---

[1] Husband also contends that, if the court intended to override the presumptively correct amount of child support established by the guidelines, it failed to make specific findings justifying that result. ORS 25.270(2); ORS 25.280; OAR 137-50-330(2)(b). We agree. The court said:

"What I would suggest in working out the [child support] computation tables is that you not factor in rental and — that rental property in this case. You work on a wage basis. Because it may be that the rental properties will be placed one place or another or divided or split up or could be factored in after we know where you are on wages."

Wife's assertion that those comments constitute sufficient findings for rebuttal of the presumption is incorrect.

guidelines.[2] The first step is to determine each parent's gross income. OAR 137-50-330(1)(a). OAR 137-50-340(1) provides, in part:

"[G]ross income includes income from any source, including but not limited to salaries, wages, commissions, advances, forgiveness of indebtedness, bonuses, dividends, severance pay, pensions, interest, honoraria, trust income, annuities, return on capital, social security benefits, workers' compensation benefits, unemployment insurance benefits, disability insurance benefits, gifts, prizes, *and alimony or separate maintenance received.*" (Emphasis supplied.)

The next step is to determine the *adjusted* gross income of each parent. OAR 137-50-330(1)(b). OAR 137-50-390 provides:

"The amount of any pre-existing or concurrently entered court ordered spousal support shall be deducted from the gross income of the parent obligated to pay such spousal support and shall be included in determining the adjusted gross income of the parent entitled to receive such spousal support."

The trial court erred in not including the $750 spousal support award in wife's gross income and in not deducting the same amount from husband's gross income.

■    We turn to whether the court erroneously excluded rental income in calculating the parties' gross income. Gross income, defined in OAR 137-50-340(1), "includes income from *any* source * * *." (Emphasis supplied.) Rental income is plainly included under that broad definition. Wife was awarded two properties that were being rented at the time of trial for a total of $385 per month. Husband was awarded a house, for which he reported $834 annual rental income on his 1988 federal income taxes.[3] The trial court erroneously excluded rental income and incorrectly determined that the

---

[2] ORS 25.270 requires that the state establish a formula for child support awards. ORS 25.275(1)(a) provides that the Support Enforcement Division of the Department of Justice take "[a]ll earnings, income and resources of each parent, including real and personal property" into consideration in establishing that formula.

[3] Husband's disabled brother, who lives in the house that husband was awarded, pays the property taxes and the insurance premiums. He pays no rent. Husband treats the property taxes and insurance payments as rental income for tax purposes.

parties' gross income was based on their wages alone. For the purposes of calculating child support under the guidelines, wife's gross income of $1,225 should be increased to reflect the $385 that she receives per month in rental income[4] and the $750 monthly spousal support award. Husband's gross income should be reduced by $750 per month in recognition of his spousal support obligation and should include the monthly rate for the annual $834 of rental income that he reported for tax purposes.[5]

Husband next assigns error to the trial court's failure to dispose of all of the marital debts. He urges us to modify the property division to reflect those debts because, as a practical matter, he will remain liable for them. "We will not modify a property division, unless we are convinced that we can make a significantly preferable disposition than that made by the trial court." *Pullen and Pullen,* 38 Or App 137, 142, 589 P2d 1145, *rev den* 286 Or 449 (1979). Husband's arguments concerning three of the four debts fail to persuade us that the property division was demonstrably inequitable. Accordingly, we will not disturb the trial court's arrangement. We do address, however, husband's contention concerning the fourth debt, an $8,000 balance on a loan from his father. Although neither party included the debt on the proposed property division lists, husband is correct that the court heard undisputed testimony as to the existence of that debt. Because the judgment does not mention the $8,000, we cannot tell on this record whether the court determined that it is not a valid debt or whether the court concluded that it is a debt, but, because of an oversight, failed to allocate it to one party or the other. On remand, the court should deal with it.

Remanded with instructions to recalculate child support award and to determine status of $8,000 debt; otherwise affirmed. No costs to either party.

---

[4] Wife was awarded another house that her daughter and her son-in-law had been living in for several months before the trial. She testified that the property "could be rented for $350 per month." However, it is unclear from the record whether the daughter, was, in fact, paying any rent. If, on remand, the court determines that wife is receiving rental income from the "17th street" property, that amount is to be included in calculating her gross income.

[5] When, as here, a determination of child support requires inclusion of amounts that are dependent on other decisions of the trial court, such as the distribution of income producing property and the award of spousal support, the court must make those decisions before it calculates child support under the guidelines.