Argued and submitted May 10, 1991, at Pendleton, Oregon, affirmed February 12, reconsideration denied April 15, petition for review denied May 26, 1992
(313 Or 299)

In the Matter of the Marriage of

Truman Neal BARLOW,
*Appellant,*
*and*

Cheryl Anita BARLOW,
*Respondent.*

(89-09-23,036-E; CA A65421)

826 P2d 18

David Gernant, Portland, argued the cause for appellant. With him on the brief were H. Clifford Looney and Butler & Looney, P.C., Vale.

Michael W. Horton, Nyssa, argued the cause for respondent. With him on the brief were Stephen B. Fonda and Stunz, Fonda, Nichols, Kiyuna & Okai, Nyssa.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

RICHARDSON, P. J.

---

* Joseph, C. J., *vice* Newman, J., deceased.

## RICHARDSON, P. J.

In this appeal from a dissolution judgment, husband challenges the property division and the award of permanent spousal support to wife. We review *de novo*, ORS 19.125(3), and affirm.

The parties were married in 1973. At the time of trial, wife was 37 and husband, 40. They have two children, one of whom is emancipated. The court gave wife custody of the other child and awarded child support of $232 a month and permanent spousal support of $500 a month. The only significant marital asset is husband's interest in a closely held farm corporation. The family automobile and the family home are both owned by the corporation. Husband and his brother each own a 15 percent interest in the corporation, and husband's parents own the balance.

The parties stipulated to awards of property to husband of $2,915, and to wife of $3,945. The court also awarded wife the family automobile, valued at $7,000, which husband agreed to purchase for her from the corporation. Wife also received the right to live in the corporation-owned home that had served as the family residence, until the minor child finishes high school in 1993. She pays $180 per month rent. The court valued the corporation at $583,458, and husband's 15 percent interest at $65,638, after allowing a 25% discount for reduced marketability. Husband was awarded that interest in addition to the personal property, for a total award of $68,553. Wife's total property award was $10,945, the personal property and the automobile. The equalizing judgment for wife was $28,800.

Husband assigns error to the equalizing judgment because, he asserts, the court incorrectly valued his share of the corporation. He does not challenge the asset approach to valuation that the court used, but argues that the court should have applied greater marketability and minority discounts and failed to take into account deferred taxes.

In dividing marital property, we seek to make a distribution that is "just and proper in all of the circumstances." ORS 107.105(1)(f); *Dull and Dull*, 104 Or App 275, 800 P2d 306 (1990). Economic realities must be taken into

account. *See Messerle and Messerle*, 57 Or App 15, 643 P2d 1286, *rev den* 293 Or 340 (1982).

■ Husband argues that his interest in the corporation should be discounted by 75 percent, because the stock is subject to a restrictive by-law provision inhibiting transfer and because he holds only a minority share. We have held that, under the asset value method, the value of stock in a closely held corporation may be discounted if it represents a minority interest and if restrictive bylaw provisions, such as a right of first refusal, inhibit the stock's marketability. *Olinger and Olinger*, 75 Or App 351, 707 P2d 64, *rev den* 300 Or 367 (1985). A discount is an attempt to take into account the difficulty of actually turning an asset into money. The underlying assumption for discounting is that, in a hypothetical sale, only part of the corporate stock will be sold, with the remainder still being held by the other shareholders. When that assumption is not supported by the evidence, a discount may not be proper. *See Webber and Webber*, 99 Or App 703, 784 P2d 111 (1989), *modified* 102 Or App 93, 792 P2d 484, *rev den* 310 Or 282 (1990). Husband appears to agree that the analysis in *Webber* applies but argues that *Webber* is inconsistent with some of our other cases, is wrong and should be overruled.

■ Factual evaluations under principles of equity often bring about what appear to be inconsistent results, when the results are misunderstood as turning on fixed legal principles rather than the different facts in different cases. The assumption that husband's stock will be sold apart from a sale of the entire corporation is not supported by the evidence. It is clear that husband is not contemplating a sale of his interest in the corporation. Moreover, there was expert testimony to the effect that small family farm corporations are normally sold as a whole, usually by a sale of all of the assets. When no minority sale is planned, the valuation need not contemplate a discount, because the underlying rationale in the hypothetical market is not present. We decline to apply the additional discount that husband requests.

■ Husband argues that the valuation of his shares should include a reduction for taxes that would be due on any sale. He argues that they are calculated in the record and are an inevitable consequence of a sale. A deduction for taxes

relates less to the value of the asset and more to the net proceeds that may be realized. Although the net proceeds may be the ultimate value of the asset to its seller, for purposes of marital asset distribution that value is entirely speculative when no sale is contemplated. *See Webber and Webber, supra; Olinger and Olinger, supra; Clapperton and Clapperton,* 58 Or App 577, 649 P2d 620 (1982).

The trial court used the data provided by husband's expert to value the corporation at $583,458. The court discounted husband's 15 percent share of the corporation's value by 25 percent. Wife does not challenge that discount on appeal and does not otherwise contest the valuation of the corporation or the equalizing judgment.

■ Husband assigns error to the permanent spousal support award. Wife injured her back some years ago. Husband argues that the court awarded permanent support on the basis of a "functional overlay" consequent on that injury. He contends that the court assumed functional overlay, while admitting it could not determine if there was any. Husband has taken the court's remarks out of context. Its concern about a functional overlay was a minor factor in its decision to award support. The court followed closely the support determination factors in ORS 107.105(1)(d).

As only a high school graduate and having a physical impairment, wife's earning power is most likely minimum wage, and she may not be able to work full time. Full-time employment at the minimum wage would provide her a gross income of about $750 a month. She must now pay rent and no longer has health care coverage through the corporation. Husband's gross income is $1,872 a month, and the corporation reimburses him for his taxes and provides him with insurance, a vehicle and a place to live. Permanent spousal support recognizes the parties' relative financial positions and her contribution. The amount of support is appropriate, as well, considering the net spendable income available to each party, the custody situation and the expenses of health care.

Affirmed. No costs to either party.