Argued and submitted February 2, remanded in part with instructions and
otherwise affirmed on appeal; affirmed on cross-appeal June 8, 1994

In the Matter of the Marriage of

John Rocky CONSER,
*Respondent - Cross-Appellant,*
*and*

Marilyn Catherine CONSER,
*Appellant - Cross-Respondent.*

(CV91-0752; CA A79922)

875 P2d 1184

Edward L. Daniels argued the cause and filed the briefs for appellant - cross-respondent.

Patrick L. Hadlock argued the cause for respondent - cross-appellant. With him the briefs was Ringo & Stuber, P.C.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

**EDMONDS, J.**

Wife appeals and husband cross-appeals from a dissolution judgment. She assigns error to the trial court's property division and he assigns error to the court's award of spousal support. On *de novo* review, ORS 19.125(3), we modify the property division and affirm the award of spousal support.

The parties were married in July, 1978. Their marriage was dissolved in December, 1992. They have one child, age 9. At the time of trial, husband was 53 years old, and wife was 46 years old. Both parties are in relatively good health. Husband graduated from high school and attended one year of college. Before their marriage, husband sold real estate, owned and operated a mini-storage business, and formed Conser Land and Cattle Company, a partnership that is involved in developing real estate. He currently holds a real estate broker's license. In 1986, husband sold his storage business and formed another partnership, Pioneer Land and Development, Inc. (Pioneer), with his brother. Husband owns a 50% interest in Pioneer. Wife has a high school education and limited work experience. When the parties met, wife was working as a hotel desk clerk. After their marriage, wife did not work outside the home and was the primary caretaker of the parties' child.

The trial court awarded joint custody of the child to the parties, with husband having the primary residential custody, and ordered wife to pay $157 per month in child support. Husband was ordered to pay $1,000 per month spousal support for two years and $750 per month for the next three years. The trial court awarded husband 80% and wife 20% of any recovery that accrues to husband as the result of a lawsuit brought by husband and Pioneer against a third party, Helmet Company. It did not attribute a monetary value to the potential recoveries. It awarded other marital assets to husband totaling $290,900, including the parties' interest in Pioneer, and then deducted $217,300 from husband's award for a debt owed only by husband to Pioneer, resulting in a net award to husband of $73,600. Net assets awarded to wife totaled $19,670. Wife received a judgment of $26,965 and an additional judgment of $12,850, which was

intended to equalize the income received by the parties during their separation.

Wife assigns error to the court's treatment of husband's debt to Pioneer, the division of the recoveries from the lawsuit, the disposition of the assets of Conser Land and Cattle Company, and the award of the family home to husband. A factual background is necessary to understand wife's argument regarding the ruling about husband's personal debt of $217,300 to Pioneer and the division of the recoveries of the lawsuit. After husband sold his storage business in 1986, he invested in Helmet Company.[1] He bought 51% of the company's stock and purchased accounts receivable owed to it by Bell Helmet. Pioneer also purchased similar accounts receivable. Husband financed his purchases of the accounts receivable, in part, from personal loans made by Pioneer to him, which are reflected in the $217,300 debt. In 1988, husband sold his interest in Helmet Company. In 1989, the company filed for bankruptcy. Husband and Pioneer have intervened in an action filed by Bell Helmet against the Helmet Company in federal bankruptcy court and have made claims based on the receivables. Husband is seeking recovery of $150,000 and Pioneer is seeking recovery of $67,000. According to the testimony of husband's partner, husband indicated to him that the likelihood of recovery "on a scale of one to ten * * * is a six." Pioneer has paid approximately one-third of the attorney fees incurred in the prosecution of the claims and husband has paid for the other two-thirds of the fees.

■ Wife argues that marital funds were used to finance the claims made by husband and Pioneer and that, therefore, she is entitled to 50% of any recovery collected by husband and 50% of husband's partnership share of any recovery collected by Pioneer, instead of the 20% awarded by the trial court. Because Pioneer and husband purchased the receivables during the parties' marriage, any interest that accrues to husband from the lawsuit is presumed to be a marital asset. See ORS 107.105(1)(f).[2] Husband does not argue to the

---

[1] At the time husband invested in the company, its name was Abbadon Manufacturing.

[2] ORS 107.105 provides, in part:

contrary. Rather, he asserts that the trial court properly awarded him 80% of the recoveries, because under the court's award he bears the risks and costs of the litigation. According to the record, $30,000 has been expended from marital funds to prosecute the lawsuit. There is no evidence about the future costs of litigation. The case has been submitted and is awaiting decision. We conclude that it is equitable that the parties share equally in any recoveries from the lawsuit as well as any future costs of litigation. The litigation arises from the administration of marital assets and, had the marriage continued, its benefits would have inured to both parties. Although wife is not personally liable to Pioneer on husband's debt, the debt was incurred during the parties' marriage and was used to purchase receivables that are marital assets. We hold that wife is entitled to one-half of any recoveries from the lawsuit, and that the debt to Pioneer is to be treated as a marital debt, as are the costs of litigation incurred in the future.

■ Next, wife argues that the trial court erred in finding that the "marital value" of Conser Land and Cattle Company is only $20,000. Her premise is that the company's net worth at the time of trial was $140,622. Therefore, she contends that husband's one-half interest, valued at $70,311, should be included in the marital estate. Wife does not argue that she is entitled to share in any appreciation of the assets during the marriage, nor is there evidence of appreciation during that time.

■ The uncontroverted evidence is that all of the existing assets in the company were acquired before the parties' marriage. There is no persuasive evidence about their value at the time of the marriage. Also, there is no evidence in the record that indicates that wife directly contributed financially

---

"(1) Whenever the court grants a decree of marital annulment, dissolution or separation, it has power further to decree as follows:

"* * * * *

"(f) For the division or other disposition between the parties of the real or personal property, or both, of either or both parties as may be just and proper in all the circumstances. * * * The court shall consider the contribution of a spouse as a homemaker as a contribution to the acquisition of marital assets. There is rebuttable presumption that both spouses have contributed equally to the acquisition of property during the marriage, whether such property is jointly or separately held."

or otherwise to the company. Property acquired before marriage is not subject to the statutory presumption of equal contribution. However, it may be subject to division by the court in a manner that is just and proper in all the circumstances. ORS 107.105(1)(f); *see also Follansbee and Ackerman*, 115 Or App 39, 43, 836 P2d 763 (1992). Under the circumstances, wife has not demonstrated that the trial court erred when it included only $20,000 of the value of the company in the marital estate.

■     Wife also argues that she should have been awarded the family residence. Husband built the house before the parties were married, and it had an equity of $20,000 at that time. The trial court's valuation of the house reflects its appreciation in value after the parties were married. The court also took the appreciation into consideration when it valued the marital estate. Husband was awarded primary residential custody of the parties' child. The court's decision allowed the child to remain in the home where she had lived since 1984. Under those circumstances, the residence was properly awarded to husband.

In summary, we reject wife's arguments except as to the recoveries of the lawsuit. We conclude that the judgment should be modified to award wife 50% of any recovery collected by husband and 50% of husband's partnership share of any recovery collected by Pioneer on their claims against Helmet Company. Also, wife is responsible for one-half of any fees and costs associated with the lawsuit that are chargeable to husband and that were incurred after the date of dissolution.

■     On cross-appeal, husband argues that the trial court's award of spousal support should be reduced, because he says that there is no evidence in the record that he has the ability to pay the amount awarded. He asserts that he will have to sell the assets that he received in the property division in order to pay the spousal support award. The trial court based its award on husband's "ability to come up with about $4,000 per month to live on from various sources since the parties separated." ORS 107.105(1)(d) lists many factors that the court must consider in setting the amount and duration of spousal support. One factor is the parties' "earning capacity." Husband testified in his affidavit dated July, 1991, that

he "earned" $3,000 to $4,000 per month. Although husband currently may not be generating an income of $4,000 per month, his past work experience and his status as a licensed real estate broker indicate that he has the ability to earn that level of income. Because of that evidence, the disparity in the parties' earning capacity, wife's absence from the work force for 14 years, and wife's need for retraining, the trial court did not err in its award of spousal support.

On appeal, remanded with instructions to enter modified judgment awarding wife 50% of any recovery collected by husband from the lawsuit and 50% of husband's partnership share of any recovery from the lawsuit collected by Pioneer; requiring wife to be responsible for one-half of the expenses arising from the lawsuit incurred by husband after the date of dissolution and otherwise affirmed; affirmed on cross-appeal. Costs to wife.