Argued and submitted September 22, 1994, remanded on appeal; affirmed on
cross-appeal April 26, 1995

In the Matter of the Marriage of

Richard Arthur LaFRANCE,
*Respondent - Cross-Appellant,*
*and*

Patricia Vernay LaFRANCE,
*Appellant - Cross-Respondent.*

(DR93-0485; CA A83121)

894 P2d 1210

Edward L. Daniels argued the cause and filed the brief for appellant - cross-respondent.

William Cohnstaedt argued the cause and filed the brief for respondent - cross-appellant.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

RIGGS, J.

.

**RIGGS, J.**

Wife appeals and husband cross-appeals from a dissolution judgment. Both parties contend that the trial court erred in calculating wife's spousal support award. We review *de novo*, ORS 19.125(3), and remand for entry of a modified judgment on appeal and affirm on cross-appeal.

At the time of trial, husband was 47 years old, and wife was 55 years old. The parties had been married 22 years. Husband was granted custody of the parties' minor children.

Husband is employed at The Corvallis Clinic as a neurologist. His monthly income, which is derived from his salary and annual bonus, is $7,917. Husband is in good health. Wife completed college and obtained a master's degree in child development psychology in 1972. After working for one year, she returned to school to begin a doctorate degree, but then left the program after becoming pregnant in 1975. After that time, wife stayed at home and cared for the parties' children. Wife suffers from a bipolar affective disorder with recurrent depression and has been taking medication since 1982. From 1990 to 1992, while wife was not taking her medication, she was able to earn some income at part-time jobs and take community college classes. She resumed taking medication for her psychological disorders in 1993 and, at the time of trial, was working 10-12 hours a week at the community college.

The trial court awarded wife $3,000 per month spousal support on an indefinite basis. However, that award was offset by wife's child support obligation of $682 so as to avoid having "[husband] pay [wife] $3,000 per month and then have [wife] pay [husband] $682 per month back again." As a result, wife's net spousal support award is $2,318 per month.

■ Wife assigns error to the trial court's spousal support determination and argues that the amount is insufficient to allow the parties to "separate on a nearly equal basis." She also contends that the trial court erred when it reduced the spousal support amount and eliminated her child support obligation to husband. In his cross-appeal, husband argues that the spousal support award is excessive relative to his available monthly income.

■     The objective of spousal support is to establish an amount that is reasonable under the factors outlined in ORS 107.105(1)(d) and that will allow each party to achieve an economic standard of living not "overly disproportionate to that enjoyed during the marriage, to the extent that is practicable." ORS 107.105(1)(d)(F); *Christensen and Christensen*, 123 Or App 412, 415-16, 859 P2d 1192 (1993). Support need not be awarded so as to equalize the parties' incomes. *Graf and Graf*, 97 Or App 425, 428, 776 P2d 46 (1989).

    As a homemaker, wife was absent from the job market for a considerable length of time, which, along with her mental illness, has somewhat impaired her earning capacity. In recent years, however, she has demonstrated that she is capable of earning some income through part-time employment. The amount of the award and its duration must take into account the fact that wife has a limited earning capacity and is unlikely to become *fully* self-supporting. *Goff and Goff*, 109 Or App 447, 449, 820 P2d 33 (1991). After considering the parties' ages, education and health, along with their relative earning capacities, we conclude that indefinite spousal support of $3,000 per month will enable wife to achieve a proportionate standard of living. We also recognize that wife's spousal support award constitutes a large portion of husband's monthly salary. However, husband receives a significant annual bonus, which, combined with his monthly salary, is sufficient to allow him to meet his financial obligations. The award is not excessive.

■     We must remand for entry of a modified judgment. The trial court erred in offsetting the spousal support award by wife's child support obligation to husband. The court's ruling reduces wife's net spousal award from $3,000 to $2,318 and eliminates her obligation to pay husband $682 in child support. Although it is a well-intentioned effort to simplify transactions between husband and wife, this arrangement creates a problematic situation in which any change in circumstances warranting a modification of child support will require the court to recalculate and modify wife's spousal support amount, as well. Therefore, the judgment should be modified to award wife $3,000 for indefinite spousal support and to award husband $682 for child support.

On appeal, remanded for entry of a modified judgment awarding wife indefinite spousal support of $3,000 per month and awarding husband child support of $682 per month; affirmed on cross-appeal. No costs to either party.