Argued and submitted April 15, reversed and remanded in part on appeal; reversed and remanded for reconsideration of spousal support on cross-appeal; otherwise affirmed August 26, 1998

In the Matter of the Marriage of

Mary Michele WILSON,
*Appellant - Cross-Respondent,*

*and*

Richard Ray WILSON,
*Respondent - Cross-Appellant.*

(94-0738-D-2; CA A97848)

964 P2d 1052

William G. Carter argued the cause and filed the briefs for appellant - cross-respondent.

Craig S. Galpern argued the cause and filed the brief for respondent - cross-appellant.

Before Riggs, Presiding Judge, and Landau and Wollheim, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

Wife appeals a dissolution judgment, assigning error to the trial court's property division. Husband cross-appeals, assigning error to the amount of the court's award of spousal support. We review *de novo*. ORS 19.415(3). On the appeal, we reverse and remand for entry of a modified judgment concerning the property division. On the cross-appeal, we reverse and remand for recalculation of spousal support in light of the modified property division.

At the time of trial, the parties had been married 20 years and had lived together for most of the seven years prior to their marriage. Husband was 50, and wife was 46. Their 18-year-old daughter was attending college, and their 14-year-old son was a high school student. Both children lived with wife following the parties' separation in December 1993.

Husband purchased his first long-haul truck in 1975 and is the sole owner and operator of Richard Wilson, Co., a Medford trucking company with a fleet of four trucks. Wife has a high school education and minimal work experience; since the parties' marriage in 1976, wife has worked approximately two hours a month as a bookkeeper for husband's trucking business and briefly as a manicurist, an activity at which she lost money. In addition, wife was a homemaker and cared for the couple's children. Wife testified that husband and husband's mother discouraged her from working and pressured her to stay at home with the children. Husband claimed that he encouraged wife to stay home only when their children were young and that he did not remember his mother discouraging wife from working. Wife also testified that she suffers chronic headaches and back pain requiring medication and extended periods of bed rest, which limit her ability to work.

The disputed property in this case came from husband's parents, Steve and Eva, who owned various businesses and properties in the Medford area. Among them were Rubber Tree, Inc., a tire company, and Steve Wilson, Co., which was inactive at the time of trial but which owns significant real property. In 1991, Steve and Eva created the Steven O. Wilson Living Trust (the trust), which they funded

with stock and real property. The trust became irrevocable on Steve Wilson's death and provides that Eva Wilson, as the surviving spouse, is the income beneficiary and may invade the corpus of the trust if necessary to maintain the standard of living she enjoyed during marriage. To date, Eva Wilson has not invaded the trust corpus. On her death, the trust and any unused income therefrom will devolve equally to husband, his brother Larry, and his sister Alice.

In addition to the trust, husband's parents made several gifts of stock and real property to husband. Those include a 20.2-percent interest in a lot at 2850 Crater Lake Highway in Medford, which was given to husband and wife jointly; a one-third interest in Rubber Tree, Inc.; and periodic gifts of stock in Steve Wilson, Co., which total approximately 31 percent of the company's stock. Husband received his first gift of Steve Wilson, Co., stock in 1962 and continued to receive gifts of stock until 1988.

At trial, wife argued that the property at 2850 Crater Lake Highway, the Rubber Tree, Inc., stock, the Steve Wilson, Co., stock and the interest in the trust were marital assets subject to the presumption of equal contribution and should be divided between the parties. She testified that she was close to husband's parents and that she helped care for husband's father during the last year of his life. She further testified that she and husband relied upon the trust and gifts from husband's parents in planning their retirement. Husband denied that he considered those properties in his family retirement planning, although he conceded that he had cashed out the parties' life insurance policy and two IRAs in 1990. He also testified that neither he nor wife worked for Rubber Tree, Inc., or Steve Wilson, Co., during their marriage, although husband uses real property owned by Steve Wilson, Co., to store his trucking equipment.

The court determined that husband's monthly income was $4,000 and set wife's spousal support at $1,500 per month for five years and $500 per month for an indeterminate period thereafter. In its property division, the court treated Richard Wilson, Co., and the Rubber Tree stock as marital assets and ordered husband to pay wife one-half the cash value of those interests. However, the court stated that

husband may delay payment of the value of the Rubber Tree stock until that stock is sold or transferred. The court treated husband's interest in the trust and the stock in Steve Wilson, Co., as husband's separate property and excluded them from the property judgment.

On appeal, wife assigns error to those exclusions from the property judgment, arguing that husband failed to rebut the presumption of equal contribution to those assets. She also assigns error to the court's ruling that husband may delay paying her the value of the Rubber Tree stock, contending that the court's arrangement leaves the parties financially entangled to an unacceptable degree and, accordingly, that husband should be required to satisfy the judgment immediately. Husband counters that he rebutted the presumption of equal contribution and that the delay in payment for the Rubber Tree stock does not leave the parties unacceptably entangled. He also cross-appeals the amount of spousal support.

We turn first to wife's argument that the trial court erred in excluding the trust interest and Steve Wilson, Co., stock from the property division. Property division in a marital dissolution is governed by ORS 107.105(1)(f), which requires that a division be "just and proper in all the circumstances" and provides, as relevant:

> "The court shall consider the contribution of a spouse as a homemaker as a contribution to the acquisition of marital assets. There is a rebuttable presumption that both spouses have contributed equally to the acquisition of property during the marriage, whether such property is jointly or separately held."

Property that one spouse acquires by gift or inheritance during the marriage is a "marital asset" subject to the presumption of equal contribution described in ORS 107.105(1)(f). *Pierson and Pierson*, 294 Or 117, 122, 653 P2d 1258 (1982). That presumption may be overcome if the party challenging the presumption establishes by a preponderance of the evidence that he or she acquired the property "uninfluenced" by the other spouse. *Stice and Stice*, 308 Or 316, 325-26, 779 P2d 1020 (1989). In determining whether the acquisition of a gift

or inheritance was uninfluenced by the other spouse, we consider whether the party seeking to rebut the presumption has produced evidence that his or her spouse was not the object of the donor or devisor's intent and did not otherwise contribute to the acquisition of the gift or inheritance. *Jenks and Jenks*, 294 Or 236, 241, 656 P2d 286 (1982).

We agree with wife that husband has not presented evidence sufficient to overcome the presumption of equal contribution with regard to the trust interest and the Steve Wilson, Co., stock and that the trial court erred in ruling otherwise. Husband's argument that he has overcome the presumption is based in large part on wife's failure to present affirmative evidence that husband's parents intended their gifts to benefit her. For example, husband states in his brief that there is "no evidence that anything Wife did or that she was Husband's Wife affected Husband's parents when they were gifting the Steve Wilson, Co. stock to Husband." That argument misses the point: Wife has the statutory presumption of equal contribution in her favor, and it is husband, not wife, who must present evidence of his parents' intent sufficient to overcome that presumption. Mere lack of evidence tending to reinforce the presumption is insufficient.

The evidence of husband's parents' intentions concerning their gifts of property and trust interests is equivocal. Both husband and his brother testified that they were unsure of the nature and extent of the property in the trust and the extent of the Steve Wilson, Co., holdings before trial. Husband's brother testified that none of Steve and Eva Wilson's children was privy to their financial affairs or estate planning. Husband and wife disagreed as to whether they had relied upon the trust and stocks in planning their retirement. Wife testified that it was generally accepted in the family that husband's parents had money and that "everybody was going to be taken care of very well." Steve and Eva Wilson's accountant testified that he was unaware of any intention on their part specifically to benefit wife with their gifts, but did not testify that he had been told that the gifts were *not* intended to benefit her. Taken together, those statements do not demonstrate that Steve and Eva Wilson's gifts of Steve Wilson, Co., stock and interest in the trust to husband were uninfluenced by wife.

Husband urges that the fact that the properties in question are held in his name should be viewed as evidence tending to overcome the presumption of equal contribution. We previously have rejected the argument that such evidence is sufficient to overcome the presumption. *Coote and Coote*, 112 Or App 342, 346, 831 P2d 32 (1992). Because the presumption applies to property acquired during marriage, "whether such property is jointly or separately held," ORS 107.105(1)(f), it follows that the fact that a piece of property is separately held is not itself evidence tending to overcome the presumption, which applies by its terms to "separately held" property. Husband's argument to the contrary is unpersuasive.

In sum, the evidence is insufficient to rebut the presumption of equal contribution with regard to the trust interest and the Steve Wilson, Co., stock. The trial court's exclusion of those properties from the property division was error. Because it did not include the trust and the Steve Wilson, Co., stock in the property division, the trial court made no findings as to the values of those assets or the appropriate division thereof. We reverse and remand for entry of an amended judgment valuing those properties and including them in the property division.

Husband also urges that, if we include those properties in the division of assets, we should reassess the trial court's valuation of other properties that the court included in the division, specifically Richard Wilson, Co., and Rubber Tree, Inc. We have carefully considered husband's valuation arguments concerning those properties and reject them without further comment.

■■ In her second assignment of error, wife argues that the trial court's ruling that husband may delay paying her the value of the Rubber Tree stock leaves the parties financially entangled to an unacceptable degree and, accordingly, that husband should be required to pay her share of the value of the stock immediately. We agree. When possible, we "seek to disentangle the parties' financial affairs and make them free from each other's interference" in fashioning a judgment of dissolution. *Slauson and Slauson*, 29 Or App 177, 183-84, 562 P2d 604 (1977); *see also Jenks*, 294 Or at 243-44. In this

case, requiring wife to wait for satisfaction of the dissolution judgment until husband sells or transfers his interest in Rubber Tree, Inc.—if indeed he ever does so—makes her financial future and the realization of her rights under the judgment dependent on husband. It is that sort of dependence and entanglement that we seek to avoid in judgments of dissolution. Accordingly, we reverse and remand on wife's second assignment of error for entry of a corrected judgment directing husband to pay wife half the value of the Rubber Tree stock, $112,500, within one year from the date of the trial court's corrected judgment, together with judgment interest of nine percent from the date of that judgment.

On cross-appeal, husband argues that the trial court erred in setting the amount of spousal support too high. We are unpersuaded by husband's arguments that the amount of support is too high when viewed in conjunction with the property division judgment as originally entered. However, because we are remanding for entry of a property division judgment that will transfer the value of substantially more of the parties' assets to wife, we recognize the possibility that the trial court may be required to reassess the amount of spousal support in light of the amended judgment to achieve a just level of support, particularly because the trial court did not value some of the assets it did not divide. As the Supreme Court noted in *Haguewood and Haguewood*, 292 Or 197, 199, 638 P2d 1135 (1981), "support and property division provisions of a decree must often be formulated in a coordinated manner to achieve the equitable objectives of a dissolution proceeding." Accordingly, we reverse and remand on the cross-appeal to allow the trial court to revisit the amount of spousal support, if necessary.

On appeal, reversed and remanded for entry of modified judgment including interests in Steven O. Wilson Living Trust and Steve Wilson, Co., in division of marital property and deleting portion of judgment allowing husband to delay payment of wife's interest in shares in Rubber Tree, Inc., and substituting judgment in favor of wife in accordance with this opinion; on cross-appeal, reversed and remanded for reconsideration of spousal support, if required; otherwise affirmed.