Argued and submitted January 27, affirmed May 3, 2000

In the Matter of the Marriage of

John Mearl KROKER,
*Respondent,*

*and*

Sharon A. KROKER,
*Appellant.*

(97-2013; CA A105810)

1 P3d 1034

Edward L. Daniels argued the cause and filed the brief for appellant.

Russell Lipetzky argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

## KISTLER, J.

Wife appeals from a judgment of dissolution awarding her $1,500 per month indefinite spousal support. She argues that the trial court should have awarded her one-half of husband's gross monthly income because she "needs a sum of money equal to what Husband has 'to achieve an economic standard of living not overly disproportionate to that enjoyed during the marriage[.]' " We review *de novo*, ORS 107.405 (1997), and affirm.

Husband and wife married in 1965. In 1997, husband petitioned for dissolution of marriage. Husband is in good health and works as a head millwright for Willamette Industries. The trial court found that husband's gross monthly income is $4,800. Wife has not worked in the last 25 years. She testified that she suffers from numerous health problems. Although the trial court "wonder[ed] a little about all [wife's] medical problems," it concluded that "she is unemployable in the regular job market."[1] The trial court did not accept wife's request for spousal support equal to one half of husband's gross income. It determined that her claimed expenses were overstated[2] and found that "[w]ife's proposed award * * * would put her in a living situation better than that enjoyed during the marriage." The trial court entered a judgment of dissolution awarding wife $1,500 per month indefinite spousal support and divided approximately $300,000 in marital property equally between the parties.

On appeal, the parties do not dispute that, in light of wife's health problems, wife is entitled to receive a substantial portion of husband's monthly income as spousal support. *See Taraghi and Spanke-Taraghi*, 159 Or App 480, 490-91, 977 P2d 453 (1999) (considering spouse's health problems in determining spousal support). They do dispute whether, in calculating spousal support, the trial court properly

---

[1] The trial court questioned, however, whether "[w]ife could not do something to supplement her income."

[2] The court noted that although wife would not be able to rely on husband's health insurance after the dissolution of their marriage, she was able, as a member of a recognized tribe, to receive free health care for some but not all of her medical problems.

considered the tax consequences to husband. *See* ORS 107.105(1)(d)(H) (1997) (directing courts to consider tax consequences when calculating spousal support).[3] The evidence in the record establishes that if, as wife urges, husband were required to pay her $2,400 (half of his gross income) each month, he would be left with approximately $600 each month in take-home pay on which to live.[4] Husband, of course, may deduct spousal support payments from his gross income in calculating his annual income tax. *See* 26 USC § 215(a) (1994). No evidence, however, was presented at trial as to how much that deduction would benefit husband, and we may not speculate what that benefit might be. *See Adams and Adams*, 121 Or App 187, 192, 854 P2d 501 (1993); *Alexander and Alexander*, 87 Or App 259, 261-62, 742 P2d 63 (1987).

In determining that husband should pay wife $1,500 a month in indefinite spousal support, the trial court considered husband's net monthly income, the approximately $150,000 that wife received in the property division, the amount that wife needs to maintain a standard of living that is not overly disproportionate to the standard the parties experienced during their marriage, and wife's ability to receive some subsidized medical care. *See Mills and Mills*, 141 Or App 58, 61-62, 917 P2d 498 (1996). On this record, the trial court properly considered the relevant statutory factors

---

[3] There is some tension between ORS 107.105(1)(d)(H), which states that a court *shall* consider tax consequences when calculating spousal support, and ORS 107.105(2) which states that a court *may* consider evidence of tax consequences in determining support and property division pursuant to ORS 107.105(1)(c), (d), and (f). Because husband and wife both agree that we should consider tax consequences, although they differ on what those consequences are, we do not need to consider whether the specific direction in ORS 107.105(1)(d)(H) controls over the more general direction in ORS 107.105(2).

[4] Wife argues that *LaFrance and LaFrance*, 134 Or App 76, 894 P2d 1210 (1995), stands for the proposition that gross income, rather than net or disposable income, should be used to calculate spousal support. *LaFrance*, however, does not address that issue and thus provides no support for wife's position. Wife also argues that husband's gross income is between $5,004 and $5,424 per month. At trial, however, wife's attorney stated in closing arguments that husband's gross monthly income was between $4,700 and $4,900 and, at oral argument, conceded that $4,800 is a good number. We accept the trial court's finding that husband's gross income is $4,800 per month. Wife has not disputed that husband has mandatory deductions that reduce his take-home pay to approximately $3,000 per month.

in setting spousal support and concluded that $1,500 per month indefinite spousal support was just and equitable under the circumstances. *See* ORS 107.105(1)(d); *Taraghi*, 159 Or App at 490.

Affirmed.