Argued and submitted December 15, 1999, affirmed October 4, appellant's petition for reconsideration filed November 3, 2000, allowed by opinion January 31, 2001
See 172 Or App 292 (2001)

In the Matter of the Marriage of

# H. Gerald BIDWELL,
*Appellant,*

*and*

# Marilyn D. BIDWELL,
*Respondent.*

## (9611-72413; CA A100737)

12 P3d 76

Jacob Tanzer argued the cause for appellant. With him on the briefs was Ball Janik LLP.

Mark A. Johnson argued the cause for respondent. With him on the brief was Findling & Johnson LLP.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

**KISTLER, J.**

Husband appeals from a dissolution judgment awarding wife $17,817,297 as compensation for her share of his company. He argues that, rather than awarding wife a compensating judgment, the trial court should have ordered the sale of the company and a proportional distribution of the net proceeds to the parties. We affirm.

Before their marriage, the parties cohabitated for approximately six months. During that time, husband acquired and became the sole owner of a small discount brokerage house, which he later renamed Bidwell & Company. The parties married in 1985. In 1996, husband filed a petition for dissolution of their marriage.

At the dissolution hearing, the trial court found that "the value of Bidwell and Company was zero when the parties cohabitated." The trial court reasoned that, there was a "rebuttable presumption that [wife] contributed to the increase in [Bidwell & Company's] value and is therefore entitled to one half of the current fair market value." The court also found that husband had not rebutted that presumption.

The primary dispute at trial was over how much the company was worth. Wife presented two expert witnesses who valued the company respectively at $57 million and $86 million. Those valuations were based, in part, on evidence that from 1994 through 1996 the company averaged annual earnings of $6 million. There was also evidence that the company was expected to earn $12 million in 1997. Husband did not disagree with those figures. At the dissolution hearing, however, he argued that the company was worth only its book value of $15 million.[1] The trial court found that the fair market value of the company was $57 million at the time of the dissolution hearing, awarded all of the stock in the company to husband, and gave wife a compensating judgment.

Although she was entitled to one-half of the company's current fair market value, wife proposed that she take

---

[1] This valuation was provided by the company's vice president of operations.

only one-third of the value so that the company would not have to be sold. The trial court accepted wife's proposal as reasonable and awarded her one-third of the marital estate.[2] The trial court accordingly entered a compensating judgment in favor of wife for $17,817,297. It ordered husband to pay wife $2 million within 60 days of the entry of the judgment with the balance to be paid, with interest, in monthly installments of not less than $160,429.56 over a 15-year period. The judgment is secured by a pledge agreement granting wife a security interest in husband's stock in the company.

On appeal, husband does not challenge the trial court's finding that the company was worth $57 million at the time of the dissolution hearing. He also does not challenge the trial court's conclusion that he failed to rebut the presumption of equal contribution; that is, he does not dispute that wife is entitled to one-half of the company. He argues, however, that the trial court erred in ordering him to pay wife one-third of the value of the company over a 15-year period. Husband reasons that, in light of his age, his health problems, and the vagaries of the brokerage business, the trial court's judgment unnecessarily entangles the parties over an unduly long period of time. He reasons that he should be free to sell the company and divide the sale proceeds with wife.

■■ The trial court, however, expressly recognized that husband was free to sell the company at any time, as long as he paid wife the compensating judgment. The court's judgment accordingly does not force husband to be entangled with wife any longer than he wishes, and the only question properly before us is whether the condition the trial court placed on the sale—that husband pay wife the compensating judgment—is a fair one. Because husband does not challenge the trial court's valuation, the question narrows further to whether the court's order requiring husband to pay wife one-third of that valuation is inequitable. We review that question *de novo*. ORS 19.415(3); *Wilson and Wilson*, 155 Or App 512, 514, 964 P2d 1052 (1998). We will not modify the trial court's property division, however, unless we are convinced that we can make a significantly preferable disposition.

---

[2] Because the marital estate included more than the company, the trial court applied the one-third division to more property than wife had proposed.

*Watson and Watson*, 107 Or App 416, 420, 812 P2d 429 (1991).

■■■  Husband advances two reasons why requiring him to pay wife one-third of the $57 million valuation of the company, if he chooses to sell, is inequitable. First, he argues that the valuation is only an educated guess and that selling the company and dividing the actual proceeds is more equitable. He contends that requiring him to pay the compensating judgment if he sells the company "gives Wife her share at the appraisal value and Husband his share of the actual value." Husband's first argument suffers from two related but separate problems. Division of property in dissolution is generally based on the value of the property at the date of dissolution. *See Olinger and Olinger*, 75 Or App 351, 357, 707 P2d 64, *rev den* 300 Or 367 (1985). The fact that husband may sell the business at a later date for more or less money neither enlarges nor diminishes wife's right to her share of the business at the time of dissolution. *See id.* Moreover, husband does not challenge the trial court's finding that the company was worth $57 million at the date of dissolution. In light of that decision, giving wife her share of that valuation is not inequitable.

■  Husband advances a second argument. He reasons that requiring him to pay wife the compensating judgment from the sale proceeds imposes the entire tax burden on him. He argues that if he sells the company "he would be required to pay the capital gains tax on the entire appreciated value of the company, including the portion effectively ceded to Wife, and pay off the [compensating] judgment from after-tax proceeds."

When dividing property on dissolution, the court may consider the tax consequences that the division will have on the parties. ORS 107.105(2). In this case, however, it is not certain that husband will choose to sell the company. He testified that he planned to continue to operate the company, but if the court did not accept his valuation of the company he was willing to sell. Additionally, and more importantly, there is no evidence in this record of what the tax consequences would be if husband sold the company.

■ Where the amount of tax consequence or the potential for tax liability is too speculative, we will not take into account the possible effects of taxation in dividing the property. *Rykert and Rykert,* 146 Or App 537, 544, 934 P2d 519 (1997); *cf. Kroker and Kroker,* 167 Or App 135, 138, 1 P3d 1034 (2000) (declining to consider tax deduction in calculating support when no evidence was presented on its effect). We also have consistently refused to consider the tax consequences of the sale of a marital asset unless there is evidence that a sale is contemplated or reasonably certain to occur. *See Taraghi and Spanke-Taraghi,* 159 Or App 480, 494, 977 P2d 453 (1999) (trial court did not err in allowing husband to deduct his taxes before distributing to wife her share of proceeds of the sale of stock options because sale was contemplated); *Smith and Koors,* 149 Or App 198, 204, 942 P2d 807 (1997) (trial court did not err in failing to discount tax consequences where there was no evidence of an impending sale of a residence or of the tax consequences); *Follansbee and Ackerman,* 115 Or App 39, 41-42, 836 P2d 763 (1992) (the wife's compensating judgment should have been reduced by the amount of the potential tax liability where the property had been on the market for several months, the husband testified that the property would be sold, and there was sufficient evidence from which to make a reasonable estimate of the tax liability).

Additionally, we note that any inequity caused by placing the tax burden on husband is diminished by the unequal distribution of the value of the company. The trial court awarded wife one-third rather than one-half of the value of the company. We acknowledge that the reduction wife accepted and the tax consequences to husband of the sale of the company may not be equal. Our task, however, is to divide marital property in a manner that is "just and proper in all the circumstances." ORS 107.105(1)(f). In the absence of any evidence of the tax consequences that husband would face if the property were sold and in light of the significant reduction in value that wife accepted, we cannot say that ordering the sale of the company and a division of the net proceeds is a significantly preferable disposition to that made by the trial court. *See Watson,* 107 Or App at 420.

Affirmed.